Edmond J. GONG et al., Appellants,

v.

Claude R. KIRK, as Governor of the State of Florida et al., Appellees.

No. 23640.

United States Court of Appeals
Fifth Circuit.

March 27, 1967.

Parker D. Thomson, D. P. S. Paul, Thomas C. Britton, Stuart Simon, Miami, Fla., for appellant.

John U. Lloyd, Fort Lauderdale, Fla., Edward D. Cowart and Robert A. Chastain, Asst. Attys. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellees.

Before PHILLIPS,* THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

Appellants, by this litigation, bring into issue the constitutional validity of Florida's Congressional apportionment plan, Ch. 65–2441, Fla.Laws of 1965, Section 8.01, Florida Statutes, F.S.A., and seek to enjoin the implementation thereof. Appellants urged below that a three-judge court be convened to consider the matter pursuant to 28 U.S.C. § 2281.[1] The district court declined to convene a three-judge court and proceeded to hear the matter as a single judge. The district court then held the Florida apportionment statute constitutional on a "temporary basis," but urged the Florida legislature to reexamine the plan at its next session. From the district court's order, this appeal is taken.

 After a careful review of the case law in this area, we conclude that the district court erred in holding that a three-judge court was not required, and that he was therefore without jurisdiction to consider the matter as a single judge.[2] We, therefore, are likewise without jurisdiction to consider the merits of this case and are compelled to dismiss the appeal.[3] The Supreme Court has held, however, that the Courts of Appeals are not without power to give guidance "when a single judge has erroneously invaded the province of a three-judge court."[4] We therefore direct that, upon a renewed motion by petitioner, a three-judge district court be expeditiously convened. All due speed is required in this matter so that the questions involved may be resolved well in advance of next year's congressional elections.

---

* Of the Tenth Circuit, sitting by designation.

1. 28 U.S.C. § 2281 reads as follows:

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title. June 25, 1948, c. 646, 62 Stat. 968.

2. The action of the district court was based, no doubt, upon Bailey v. Patterson, 1962, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512, wherein the Supreme Court stated that "three judges are * * * not required when, as here, prior decisions make frivolous any claim that a state statute *on its face* is not unconstitutional." Id. at 33, 82 S.Ct. at 551. (Emphasis added.) Both *Bailey* and Turner v. City of Memphis, 1962, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762, the only other Supreme Court case in which the *Bailey* doctrine has been applied, involved attacks upon state statutes or regulations requiring segregation of facilities of public accommodation. In both cases the legislation involved revealed its unconstitutionality on its face. Clearly, at the time the district court had this matter before it the Florida Apportionment Plan of 1965 could not have been considered unconstitutional on its face. The *Bailey* rationale, we feel, was not meant to be applied where the alleged unconstitutionality can only be determined following an extensive examination of the facts involved. (As in the case of the review of a state apportionment plan.)

3. See Stratton v. St. Louis S.W. Ry., 1930, 282 U.S. 10, 51 S.Ct. 8, 73 L.Ed. 135. See also Wright, Federal Courts § 50, at 166–67.

4. Idlewild Bon Voyage Liquor Corp. v. Epstein, 1962, 370 U.S. 713, 716, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794.