**Owen F. LYONS et al., Plaintiffs, Appellants,**

v.

**John F. X. DAVOREN, as Secretary of State, Massachusetts, et al., Defendants, Appellees.**

No. 7197.

United States Court of Appeals First Circuit.

Oct. 25, 1968.

Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 861.

Owen F. Lyons pro se.

Mark L. Cohen, Deputy Asst. Atty. Gen., with whom Elliot L. Richardson, Atty. Gen., and Daniel F. Toomey, Legal Asst. to Atty. Gen., Boston, Mass., were on brief, for defendants-appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

The appellant, Owen F. Lyons, aspires to be an independent candidate for Congress in the Eighth Congressional District of Massachusetts. Appellant sought to have his name printed on the November general election ballot and, pursuant to Mass.Gen.Laws, c. 53, § 6, he submitted a list of nomination signatures to the Secretary of State of Massachusetts. On July 31, 1968, the Secretary of State informed appellant that he had not procured the required number of signatures, and therefore, his name would not appear on the general election ballot.[1]

Appellant filed a complaint in the district court naming the Secretary of State and the Attorney General of Massachusetts as defendants. Appellant requested

---

1. Under Mass.Gen.Laws, c. 53, § 6 an independent candidate must obtain the number of signatures " * * * as will equal three per cent of the entire vote cast for governor at the preceding biennial state election * * * in the elec-

toral district or division for which the officers are to be elected."

In the Eighth District (appellant's district) 4,373 signatures were required and appellant obtained only 3,685 signatures.

the convening of a three judge court under 28 U.S.C. § 2281 (1964), for the purpose of considering his requests that a permanent injunction be issued restraining enforcement of Mass.Gen. Laws, c. 53, § 6; that Mass.Gen.Laws, c. 53, § 6 be declared unconstitutional as violative of the Fourteenth Amendment; and that the Secretary of State be ordered to place appellant's name on the general election ballot.

On August 12, 1968 the district court issued a "memorandum" which addressed itself to the "immediate action" being sought—the establishment of a three judge court, held that no substantial federal question was presented, and concluded by denying "The prayer for convening the three-judge court". Two weeks later, on August 28, 1968, one defendant moved to dismiss the complaint as not stating a claim on which relief could be granted and on September 4, 1968 the other defendant filed a similar motion. On the latter date, neither motion having been acted upon, appellant appealed "from the 'Memorandum'".

■ We first consider the threshold question of our jurisdiction to review the district court order. If the order is interlocutory, it is not reviewable in this court and appellant's only recourse is to seek a writ of mandamus in the Supreme Court. Stratton v. St. Louis S. W. Ry., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135 (1930). If the appeal is from a final order this court is compelled to consider the three judge court issue at the outset because if a three judge court should have been impaneled, the single judge was without jurisdiction to consider the merits and the case must be remanded for a three judge court. Gong v. Kirk, 375 F.2d 728 (5th Cir. 1967). On the other hand, if the refusal to con-

vene a three judge court was proper, the single judge had jurisdiction to render a decision on the merits and a review would be proper in this court.[2]

■ We stumble at the first hurdle. Not only is the "Memorandum" not a judgment "so set forth" in accord with Rule 58, Fed.R.Civ.Proc., but it does not purport to be a dismissal of the action. While the district court left no doubt in anyone's mind that it did not consider the complaint to have merit, its ruling was confined to the "immediate action" requested, the convening of a three judge court. This left as a proper subject for a single judge court the request for declaratory relief, cf. Kennedy v. Mendoza-Martinez, 372 U.S. 144, 154–155, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), which matter was not decided. This is, therefore, not comparable to the situation in Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715 n. 2, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), where the denial of the request for a three judge court effectively operated to throw plaintiff out of court.

Appellant's remedy, rather than jumping the gun in a premature appeal from an interlocutory order, other than those specified in 28 U.S..C §§ 1291 and 1292, was to have sought a writ of mandamus in the Supreme Court, Stratton v. St. Louis S. W. Ry., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135, or else have asked for a final judgment. We therefore must remand this case to the district court for further action. In so doing we recognize both the apparent foreshadowing of the final action from the unequivocal language of the court's "Memorandum" and the frustration of appellant as he sees the general election date drawing near. We therefore put aside our normal scruples about opining on a matter not

2. While the 1942 amendment to the three judge court act, and particularly 28 U.S.C. § 2284(5) (1964), might have cast some doubt on the validity of Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934), it now appears to be settled that a single judge may render a final order where the three judge court claim does not present a substantial federal question. See Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Green v. Board of Elections of City of New York, 380 F.2d 445 (2d Cir. 1967); Benoit v. Gardner, 351 F.2d 846 (1st Cir. 1965).

before us and indicate our agreement with the district court on the insubstantiality of the federal question.

We believe that appellant's claim is completely without merit. The essence of his complaint is that Mass.Gen. Laws, c. 53, § 6 violates the Equal Protection clause of the Fourteenth Amendment because it imposes a heavier burden on independent candidates than on political party candidates[3] with respect to being placed on the general election ballot. Not only is this not true but it appears that quite the opposite is true. Political party candidates for Congress must be victorious in a party convention or obtain 2,000 signatures in order to be placed on the primary ballot. They then must win the primary in order to be placed on the general election ballot.[4] Mass.Gen.Laws, c. 53, § 44. In contrast, independents, such as appellant, need only obtain the number of signatures equal to 3 per cent of the gubernatorial vote in their respective districts in order to be placed on the general election ballot. Mass.Gen.Laws, c. 53, § 6.

In short, a person wishing to appear as an independent candidate on the final ballot must only submit an additional increment of signatures. A person wishing to appear as a political party's candidate on the final ballot must either win the convention's nomination or submit somewhat fewer signatures than the independent-aspirant *and* win his party's primary, often a not inconsiderable undertaking. Such a difference in treatment as that complained of in this case— the only point on which we express an opinion—is that sort of "minor difference in the application of laws to different groups" which the Supreme Court recognizes as permitted by the Equal Protection Clause. Williams v. Rhodes,

392 U.S. ——, 89 S.Ct. 5, 21 L.Ed.2d 24 (decided October 15, 1968).[5]

Appeal dismissed for lack of jurisdiction.

---

3. Mass.Gen.Laws, c. 50, §·1 defines political party as " * * * a party which at the preceding biennial state election polled for governor at least three per cent of the entire vote cast in the commonwealth for that office * * *."

4. It also seems clear that a member of a political party who fails to win the primary but nevertheless desires to be placed on the general election ballot must comply with the requirements imposed on independents. Mass.Gen.Laws, c. 53, § 48A.

5. This case was decided after our opinion was shown to the parties on October 10, 1968, but before it was printed.