David **CARLINER** et al., Appellants,

v.

**COMMISSIONER OF the DISTRICT OF COLUMBIA** et al., Appellees.

No. 21786.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 26, 1968.

Decided June 24, 1969.

Mr. David Carliner, Washington, D. C., with whom Messrs. Harry Huge, Arthur W. Jackson, Ralph Temple and Reuben Robertson, Washington, D. C., were on the brief, for appellants.

Mr. David P. Sutton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellees.

Before FAHY, Senior Circuit Judge, and McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

This appeal is from the grant by the District Court of appellees' motion to dismiss the complaint for failure to state a cause of action, cross-motions for summary judgment having been denied. Appellants are citizens of the District of Columbia who sued on behalf of themselves and all other such citizens to procure declaratory and injunctive relief. Appellees are the Mayor-Commissioner and the members of the City Council appointed by the President pursuant to Section 301(b) of Reorganization Plan No. 3 of 1967. The complaint sought a declaration of the illegality of Reorganization Plan No. 3, and injunctions against the exercise by the individual appellees of any executive, legislative, regulatory, or rule making powers in the governance of the District of Columbia. It is said that the due process clause of the Fifth Amendment, and the Ninth and Tenth Amendments, of the Constitution dictate such relief because the citizens of the District have not been given the opportunity by popular vote to elect persons to the positions held by appellees.

During the course of oral argument, we raised the question of whether the appeal was properly before us, inasmuch as the case had not been heard in the first

instance by a three-judge District Court. We invited supplemental memoranda on this question, which have been supplied. Appellants now tell us that, although the question is not an easy one, their matured reflections suggest that the complaint is within the scope of the requirements of Congress for three-judge courts, and they urge a remand with directions that one be convened. Appellees assert, contrarily, that no three-judge court is needed because the challenged statute is one local to the District. *But see* Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (U.S. April 21, 1969). They conclude that, in any event, a three-judge court need not be convened because the constitutional claims are insubstantial.

We find this last consideration compelling, and affirm the judgment of the District Court. Hobson v. Tobriner, 255 F.Supp. 295 (D.D.C.1966), petition for review for mandamus denied *sub nom.*, Hobson v. Gasch (D.C.Cir., No. 20,-838, decided September 29, 1966), cert. denied, 386 U.S. 914, 87 S.Ct. 863, 17 L.Ed.2d 787 (1967).

Affirmed.