Leonard L. **FERRARA**, Roman C. Peré, Frank A. Petit, Donald J. Villarubia, Plaintiffs,

v.

**STATE OF LOUISIANA**, through the offices of the Honorable John J. McKeithen, Governor, the Louisiana Department of Public Safety, Division of State Police through the offices of William E. Dent, Jr., Director, the Louisiana Department of Civil Service, through the offices of Harold E. Forbes, Director, and Mrs. Mary Evelyn Parker, Treasurer of the State of Louisiana, Defendants.

Civ. A. No. 70–639.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Oct. 13, 1970.

**1294**

Sidney M. Bach, Bernstein & Bach, New Orleans, La., for plaintiffs.

Moise Dennery, Dept. of Civil Service, New Orleans, La., Willie Maynor, Dept. of Public Safety, Baton Rouge, La., William P. Schuler, Asst. Atty. Gen. of La., for defendants.

CASSIBRY, District Judge:

This is a suit to force the State of Louisiana to pay certain of its State Troopers overtime pay provided for in a State Legislative Act.[1]

The original plaintiffs are all retired Louisiana State Police Troopers. Subsequent to the filing of the original petition, the proceedings were converted into a class action on behalf of all Louisiana State Troopers who had been employed during the period July 27, 1966 until January 1, 1969. The Troopers are all citizens of Louisiana and are either former classified employees of the State of Louisiana in the case of those retired, or presently classified in the case of those who are now employed by the State. The actions were brought against the State of Louisiana through the Governor, the Department of Public Safety, Division of State Police, the Department of State Civil Service and the Treasurer of the State of Louisiana, seeking unspecified sums allegedly due to each plaintiff for overtime pay from July 27, 1966 until January 1, 1969, based upon the provisions of Act No. 194 of the Louisiana Legislature of 1966, Sections 1 and 2, amending Louisiana Revised Statutes Title 32, Sections 728 and 733. Jurisdiction is claimed by virtue of the provisions of Section I of the Fourteenth Amendment to the Constitution of the United States, providing that no State shall deprive any person of his property without due process of law. Subsequently a motion to amend the complaint was filed, for the purpose of enlarging the jurisdictional grounds to include the denial of the equal protection of the laws to any person within the jurisdiction of a State, also by virtue of Section I of the Fourteenth Amendment to the Constitution. In this same motion, in the alternative, the plaintiff argues that if the court denies relief on all the other grounds that he should not be relegated to the State Court because this would give him a "right without a remedy."

1. Act 194 of 1966.

Article 3862 of the Louisiana Code of Civil Procedure reads as follows:

"A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice; provided, however, that no court shall issue or cause to be issued a writ of mandamus to compel the expenditure of state funds by any state department, board or agency, or any officer, administrator or head thereof, or any officer of the state of Louisiana, in any suit or action involving the expenditure of public funds under any statute or law of this state, when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirments placed upon the expenditure of such funds by the legislature."

█ Plaintiffs contend that this type statute would provide no relief since by interrogatory the defendants have already stated that if required to make the payments provided for by the statute (overtime) it would "have the effect of wrecking the operations of the Louisiana Department of Public Safety rather than merely create a deficit in the operating funds of * * * the Department * * *" In short, mandamus would be a useless and vain undertaking. Plaintiffs pray that before remanding them to such a fate, that a three-judge court should be convened to afford plaintiffs an opportunity to seek an injunction restraining the enforcement, operation and execution of Article 3862 on the grounds that it violates Article I, Section 10 of the Constitution which prohibits the passage of any law impairing the obligation of contracts. Accepting this as a formal request for a three-judge court, the request is denied for the reason that the state courts may, if given the opportunity, require plaintiffs to proceed first by appealing to the Louisiana Civil Service Commission in order to determine whether or not plaintiffs were ever entitled to payment of cash overtime wages under the rules of that Commission and if not, it might not be necessary to rule on the validity of the statute.

The Louisiana Department of Public Safety, through the Division of State Police, was the appointing authority of all plaintiffs during their tenure of employment as State Troopers.

The Louisiana Department of State Civil Service is an agency of the State of Louisiana which exercises certain supervisory and regulatory authority and powers relating to classified employees of the State of Louisiana; no plaintiffs were employed by Louisiana Department of State Civil Service.

Mrs. Mary Evelyn Parker is the Treasurer of the State of Louisiana and in that capacity enjoys and exercises disbursing powers of the funds and revenues of the State of Louisiana.

The Department of State Civil Service filed a motion to dismiss the complaint as to that defendant on the grounds that the complaint and the amended complaint failed to state a claim upon which relief could be granted and, alternatively, for an order dropping the Department of State Civil Service as a party defendant because of misjoinder of parties.

Subsequently the plaintiffs filed another motion to amend the complaint to join the Louisiana State Civil Service Commission as a party defendant on the ground that said Commission was a proper and indispensable party to the proceedings.

At the hearing on the motions of the Department of State Civil Service to dismiss and of the plaintiffs to amend the complaint, the court raised the question of jurisdiction before argument and requested that the parties brief the court on the question of jurisdiction. The court also ordered the action converted into a class action.

The State of Louisiana and the Treasurer of the State of Louisiana filed a

joint answer to the petition, and the Department of Public Safety, Division of State Police filed an individual answer.

The Louisiana Troopers' Association filed a motion for leave to appear as amicus curiae, which motion was granted.

The Department of State Civil Service filed a motion to dismiss the action on the ground that the court lacked jurisdiction, and this motion was argued before the court on September 16, 1970. On the date of argument a motion to substitute the surviving spouse and child of one of the named parties plaintiff was filed without objection.

Act No. 194 of the Legislature of Louisiana of 1966 amended and reenacted Section 728 and subsection A of Section 733 of Title 32 of the Louisiana Revised Statutes of 1950 relative to the amount of fees charged for motor vehicle titles and the disposition of the amounts collected, and further provided that all State Troopers should be paid at the rate of time and one-half for all hours worked over 40 hours per week.

The Louisiana State Civil Service Commission, by virtue of the provisions of Section 15 of Article XIV of the Constitution of the State of Louisiana, as amended, is vested with the power to adopt Rules, which have the effect of law, providing for conditions of payment of salaries of all classified employees of the State of Louisiana, establishing uniform pay plans and amendments thereof, and fixing the procedure, the time within which appeals must be taken and all other matters pertaining to appeals concerning Civil Service matters.

The Louisiana State Civil Service Commission adopted Rules, effective August 1, 1966, introducing policies for overtime work of classified employees.

Rules 6.25, 11.28(b), 11.29(b), and 11.29(i) of the Rules of the Louisiana State Civil Service Commission read as follows:

"6.25 Compensation for Overtime Hours Worked.

"(a) In addition to his regular salary, and subject to the provisions of Rules 6.25(b), 11.28 (b), 11.29(b), and 11.29(i) each employee in the Classified Service shall be compensated, for each overtime hour worked, at the rate of one and one-half times the hourly rate specified in the conversion table in the Louisiana State Personnel Manual for his monthly rate of pay.

"(b) The provisions of Sub-section (a) of this Rule shall not apply to any employee in the Classified Service,

1. While he is occupying a position for which the current minimum rate of the pay range is $600 per month or more, unless this limitation has been removed through the application of the provisions of Rule 11.29(j).

2. While he is performing civilian duty, under the administrative supervision of one other than his appointing authority, during an officially declared national, regional, or local emergency.

3. While he is serving on a part-time or intermittent basis as authorized by Rules 11.2 and 11.3.

4. While he is 'on-call' away from his post of duty.

5. While he is attending or traveling to or from conventions, work shops, seminars, training courses, study groups, and related activities.

6. While he is performing duty pursuant to a determination made by his appointing authority under the provisions of Rule 11.29(i)."

"11.28 Holidays. * * *

"(b) An employee who is required by his appointing authority to work on a day observed as a holiday in the department and area in which he is employed, other than one named in Subsection (a) of this Rule, which falls on a day within his work week as designated under the provisions of Rule 11.1(c) or Rule 11.2(b), shall be entitled only to compensatory leave benefits as authorized by Rule 11.29."

"11.29 Compensatory Leave. * * *

"(b) Subject to the provisions of Rule 6.25(b) (3), 11.28(b), 11.29(d), 11.29(i), and 11.29 (j), an employee serving in a position for which the current minimum of the pay range is less than $600 per month who is required to perform overtime duty shall, at the option of his appointing authority

1. Be credited by his appointing authority with compensatory leave equal to the number of extra hours he has been required to work, or

2. Be compensated for the extra hours of work as authorized by Rule 6.25. * * *

"(i) When in his administrative judgment an appointing authority determines that overtime duty must be performed by one or more of his employees incident to national criminal insurrection, civil or criminal disobedience, or similar occurrences of an extraordinary and emergent nature which threatens or affects the peace or property of the people, he may require such employee or employees to perform overtime duty; and the provisions of Rules 11.29(a), 11.29 (b), and 6.25(a) shall not apply to such duty. * * *"

Rule 13.10 of the Rules of the Louisiana State Civil Service Commission reads as follows:

"13.10 Appeals to the Commission.

An appeal may be made to this Commission by

(a) Any person in the Classified Service who alleges that he has been discriminated against or subjected to any disciplinary action for political or religious reasons or because of his political or religious opinions or affiliations.

(b) Any person in the Classified Service who, having acquired permanent tenure, alleges that he has been demoted, dismissed, discriminated against, or subjected to any disciplinary action contrary to any provision of the Amendment or of the Rules of this Commission.

(c) Any person in the Classified Service who alleges that he has been deprived of any right, discriminated against, or adversely affected by the violation of any provision of the amendment or any rule of this Commission.

(d) Any person who alleges that he has been discriminated against by the allocation or reallocation of a position to a class, or by the Classification Plan or any change thereof, and who shall have failed to obtain relief after a written request for a hearing thereon by the Director as provided in Rule 5.3.

(e) Any person in the Classified Service who alleges that he has been discriminated against by the application of the Pay Plan or by the application of any change thereof.

(f) Any person who shall have applied for or been examined, for the Classified Service, without having acquired permanent status therein, and who alleges

discrimination in the review of his application, admission to an examination, scoring of examinations, the establishment of an eligible list, or certification therefrom.

(g) Any person expressly granted the right to appeal to this Commission by the amendment or by any rule of the Commission.

(h) Any person who alleges that he has been the subject of discrimination as defined in Rule 1.14.1.

(i) Any person who alleges that he has been discriminated against by any official action taken by the Director.

(j) Any person seeking a review of a decision made by an appointing authority under the provisions of Rule 10.4.

All State Troopers performed overtime work (in excess of 40 hours per week) during the period of time from July 27, 1966 through January 1, 1969 but were not compensated during that period in cash for overtime work at the rate of one and one-half times regular pay as required by Act 194. None of the plaintiffs have filed any proceedings before the State Civil Service Commission in connection with their complaints that they had not received cash payments for overtime work since July 27, 1966.

Rule 13.12 of the Rules of the Louisiana State Civil Service Commission reads as follows:

"13.12 Delay for Making Appeal.

(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is received in the office of the Director in the Department of State Civil Service at Baton Rouge, Louisiana.

(1) Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or

(2) Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules, or if required, was given tardily or not at all.

(b) Legal holidays and days on which the office of the Department of State Civil Service is closed shall not serve to extend the delay period specified in Subsection (a) hereof.

(c) No appeal shall lie against any action following the expiration of three hundred sixty-five (365) calendar days from the date on which it occurred."

None of the plaintiffs have filed any mandamus proceedings in the State Courts of Louisiana in connection with their complaints that they had not received cash payments for overtime work since July 27, 1966.

The burden of the plaintiffs' petition is that they have been deprived of property without due process of law. The cases are clear that unpaid wages are property, but the plaintiffs' claim that unpaid (overtime) wages are due them is based solely upon Louisiana Act 194 of 1966. There is some doubt as to the validity, under Louisiana law, of this particular statute in view of the provisions of Article XIV, Section 15 of the Louisiana Constitution (I) (c), which places the exclusive right to establish the pay of classified employees in the Louisiana State Civil Service Commission, thereby removing this right from the Legislature. Although there are two appellate decisions in Louisiana which apparently uphold the right of the Legislature to fix salaries, there is at least one unreported District Court case holding to the contrary, and the Supreme Court of Louisiana has not yet passed upon the question.

There is no doubt that the plaintiff may choose a federal forum to assert his federal rights even though a state remedy may be available. Moreno v. Henckel, 431 F.2d 1299 (5th Cir. 1970); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). When Congress has intended to limit federal jurisdiction by requiring exhaustion of state *judicial* remedies, it has done so in explicit language. Moreno v. Henckel, supra. There is little left of the "exhaustion of state *judicial* remedies" theory in our law. Monroe v. Pape, supra; McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). On the other hand, there may be a need to exhaust state *administrative* remedies except in those cases where plaintiff is suing for deprivation of civil rights. Moreno v. Henckel, supra; Wright, Federal Courts (2nd Ed. 1970). This is not a suit arising under the Civil Rights Act, and there would appear to be a serious need to exhaust state administrative remedies.

Aside from the need to exhaust state administrative remedies, there is ample cause for this court to assert jurisdiction but to abstain from deciding the case at this time. "[The] abstention doctrine is an exception to litigant's choice of forum, applied only in narrowly limited circumstances." Moreno v. Henckel, supra; Zwickler v. Koota, 389 U.S. at 248, 88 S.Ct. 391. One of the narrowly limited special circumstances has been held to be the "susceptibility of a state statute of a construction by the state courts that would avoid or modify the constitutional question." Zwickler v. Koota, 389 U.S. at 249, 88 S. Ct. at 396. Mr. Justice Douglas, in a recent case, said that the rule "should be applied only where the issue of state law is uncertain." Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970).

Under all these circumstances it would appear that this court should abstain until plaintiffs have exhausted their state administrative and judicial remedies. But abstention does not "involve the abdication of federal jurisdiction, but only the postponement of its exercise." England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

Accordingly, this court will retain jurisdiction of this case while awaiting a further or final determination in the appropriate state tribunal, whether it be the State Civil Service Commission or the Courts of the State of Louisiana.

An order will be entered staying further proceedings in this court until the State Civil Service Commission and the Courts of the State of Louisiana have been afforded an opportunity to determine the issues here presented, and retaining jurisdiction to take such steps as may be necessary for the just disposition of the litigation should anything prevent a prompt State Court disposition, and it is so ordered.