**Julius W. HOBSON et al., Appellants,**

**v.**

**BOARD OF ELECTIONS FOR the DIS-TRICT OF COLUMBIA et al.**

**No. 71-1009.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 22, 1971.

Decided March 11, 1971.

---

Mr. Landon G. Dowdey, Washington, D. C., with whom Messrs. S. David Levy and Neil J. Cohen, Washington, D. C., were on the brief, for appellants.

Mr. David P. Sutton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. C. Francis Murphy, Acting Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for District of Columbia appellees.

Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Joseph M. Hannon, Asst. U. S. Attys., entered appearances for United States appellees.

Before McGOWAN, MacKINNON and ROBB, Circuit Judges.

## ORDER

PER CURIAM.

This appeal from a judgment of the District Court refusing to convene a three-judge court and dismissing the complaint having come on for expedited hearing, and the court having considered the matter on the papers and the arguments of counsel, it is hereby

■■ Ordered that the judgment appealed from, insofar as it relates to (a) the nonvoting status of the officer provided by the District of Columbia Delegate Act and (b) the various statutory provisions bearing upon the manner of his selection, is affirmed by reason of the insubstantiality of the questions raised. See Loughborough v. Blake, 18 U.S. (95 Wheat.) 317, 5 L.Ed. 98 (1820); Heald v. District of Columbia, 259 U.S. 114, 42 S.Ct. 434, 66 L.Ed. 852 (1922); Carliner v. Commissioner of District of Columbia, 134 U.S.App.D.C. 43, 412 F. 2d 1090, cert. denied, 396 U.S. 987, 90 S.Ct. 482, 24 L.Ed.2d 451 (1969); Breakefield v. District of Columbia, 143 U.S.App.D.C. ——, 442 F.2d 1227, cert. denied, 401 U.S. 901, 91 S.Ct. 871, 27 L. Ed.2d 807, February 22, 1971; Hobson v. Tobriner, 255 F.Supp. 295 (D.D.C. 1966), petition for review of mandamus denied sub nom. Hobson v. Gasch (D. C.Cir. No. 20,838, decided September 29, 1966), cert. denied, 386 U.S. 914, 87 S. Ct. 863, 17 L.Ed.2d 787 (1967); Moore v. Board of Elections, 319 F.Supp. 437 (D.D.C.1970); Lyons v. Davoren, 402 F. 2d 890 (1st Cir. 1968); United Public Workers v. Mitchell, 330 U.S. 75, 67 S. Ct. 556, 91 L.Ed. 754 (1947). The court is also of the view that, with respect to the challenge to the filing fee requirements, the allegations of the complaint do not present any live controversy appropriate for judicial resolution; and it is further

■ Ordered that, insofar as the judgment appealed from involves the challenge by appellants to the party qualifying provisions for the Presidential election contained in Section 8(f) of the District of Columbia Election Act, it is vacated and the case remanded to the District Court for hearing and determination of the preliminary question of whether the constitutional issues are sufficiently ripe for resolution at this time at the instance of these appellants as to warrant the convening of a three-judge court. See Georgia Socialist Workers Party v. Fortson, 315 F.Supp. 1035 (N.D.Ga.), prob. juris. noted, Jenness v. Fortson, 400 U.S. 877, 91 S.Ct. 127, 27 L.Ed.2d 114 (1970), with which compare Socialist Labor Party v. Rhodes, 318 F.Supp. 1262 (S.D.Ohio 1970). We intimate no opinion as to the merits of those issues.