Delia CANCEL, on behalf of herself and infant children, Luis Cordero, Gloria Cordero, Brunilda Cordero, Chester John Cordero, Ana Delia Cordero, and Jesus Santana, Plaintiffs-Appellants,

v.

George K. WYMAN, individually and as Commissioner of the Department of Social Services, of the State of New York, and Jack R. Goldberg, individually and as Commissioner of the Department of Social Services of the City of New York, Defendants-Appellees.

No. 615, Docket 35487.

United States Court of Appeals, Second Circuit.

Argued March 22, 1971.

Decided April 16, 1971.

John C. Gray, Jr., New York City (John DeWitt Gregory, Jonathan A. Weiss, Marttie L. Thompson, John Falk, Lawrence J. Fox, George Rodenhausen, New York City, on the brief), for appellants.

A. Seth Greenwald, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellee Wyman.

Mary P. Bass, New York City (J. Lee Rankin, Corporation Counsel, New York City, Stanley Buchsbaum, Jay A. Kranis, New York City, on the brief), for appellee Goldberg.

Before WATERMAN, KAUFMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from so much of an order of the United States District Court for the Southern District of New York, 321 F.Supp. 528, as denied the appellants' motion to convene a three-judge court under 28 U.S.C. §§ 2281, 2284 (1964), to determine the constitutionality of 18 N.Y.C.R.R. § 352.31(a) (2) (1970) (formerly 18 N.Y.C.R.R. § 353.3 (2) (1) (i)), a regulation promulgated by the Department of Social Services of the State of New York.

Plaintiff Delia Cancel and her six children are recipients of Aid to Families with Dependent Children whose monthly payments were reduced after her marriage to Pablo Cancel, a non-adopting stepfather. These reductions were effected in accordance with the cited regulation which requires that the income of an applicant and spouse be applied against needs in determining eligibility and levels of payment. If a non-adopting stepfather refuses to apply his income, his needs are estimated and his income is applied "first against his own needs and any surplus against the needs of his dependents." 18 N.Y.C.R.R. § 352.31(a) (2) (1970).

The complaint challenged the regulation as violative of constitutional rights of due process and equal protection, and the right to marry and to maintain a family. The regulation was also challenged as inconsistent with the provisions of a regulation of the Department of Health, Education and Welfare, 45 C.F.R. § 203.1 (1970).

The district court, holding that the complaint presented no substantial constitutional issue, denied the motion to convene a three-judge court as well as a motion for a temporary restraining order. However, the court denied the motions of appellees to dismiss the com-

plaint and retained jurisdiction of the issue of whether the regulation was inconsistent with the federal provision. The appeal is only from that part of the order denying the motion to convene a three-judge court. Since such an order is not appealable, we dismiss the appeal without considering the merits.

■ The denial of the motion to convene a three-judge court in this case is not a "final decision" under 28 U.S.C. § 1291 (1964), since the district judge has retained jurisdiction of the statutory issue. Nor is the order within any of the categories in 28 U.S.C. § 1292 (1964) providing for appeals from interlocutory orders. The only remedy available to appellants is to seek mandamus, whether in the Court of Appeals, 9 J. Moore, Federal Practice ¶ 110.03[3], at 74 (2d ed. 1970), or the Supreme Court, Lyons v. Davoren, 402 F.2d 890, 892 (1st Cir. 1968), cert. denied, 393 U.S. 1081, 89 S.Ct. 861, 21 L.Ed.2d 774 (1969). Indeed appellants, recognizing this disability, earlier sought a writ of mandamus directing the district court to take the necessary steps to convene a three-judge court. This court denied the petition for mandamus on September 25, 1970.

Appellants seek to avoid the effect of these principles by referring to our decision in McMillan v. Board of Education, 430 F.2d 1145 (2d Cir. 1970). In McMillan, the trial judge denied motions to convene a three-judge court and dismissed the action against the state defendants. However, he retained jurisdiction over the action to the extent that it involved city defendants. We reviewed the determination on the three-judge court issue, saying in our opinion: " '[I]f a court of appeals does not exactly have *jurisdiction* of an appeal such as this, it has something sufficiently similar to enable it to reverse for the convening of a three-judge court.' " McMillan v. Board of Education, *supra* at 1148.

Developments in the law since our decision in *McMillan* have made that de-

cision inapplicable to cases in which the district court retains jurisdiction of a statutory issue. These developments followed from a statement of the Supreme Court in Rosado v. Wyman, 397 U.S. 397, 403, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1970): " * * * the most appropriate course may well have been to remand to the single district judge for findings and the determination of the statutory claim rather than encumber the district court, at a time when district court calendars are overburdened, by consuming the time of three federal judges in a matter that was not required to be determined by a three-judge court." Although *Rosado* was decided several months before *McMillan*, and indeed, was cited in *McMillan* on another issue, this particular statement was not considered. However, the use of the remand procedure in subsequent cases, particularly in the welfare area, suggests that to follow *McMillan* and convene a three-judge court at this juncture would be a useless ritual even if we were to find for appellants on the merits of their claim that such a court should be convened. See Wyman v. Rothstein, 398 U.S. 275, 90 S.Ct. 1582, 26 L.Ed.2d 218 (1970); Boddie v. Wyman, 434 F.2d 1207, 1208 (2d Cir. 1970). It is now clear that if we were to order a three-judge court, that court, following these cases, would remand the case to the single judge for determination of the statutory issue.

Our action in this case does not prejudice appellants. If appellants lose on the statutory issue at the district court level, the issue of whether a three-judge court should be convened to consider the constitutional issue can be raised on appeal from that determination. If appellants win on the statutory issue, a three-judge court will be unnecessary. Our decision thus serves the interests of judicial economy while at the same time affording an opportunity for adequate review of a denial of a motion to convene a three-judge court.

Appeal dismissed for lack of jurisdiction.