Leonard L. FERRARA et al., Plaintiffs-Appellants,

v.

STATE OF LOUISIANA, through the Offices of the Honorable John J. McKeithen, Governor, et al., Defendants-Appellees.

No. 31048.

United States Court of Appeals, Fifth Circuit.

May 17, 1971.

* Honorable William P. Gray, United States District Judge, Central District of California, sitting by designation.

Willie Maynor, Atty., Dept. of Public Safety, Baton Rouge, La., William P. Schuler, Asst. Atty. Gen., State of La., Moise W. Dennery, Atty., Dept. of Civil Service, New Orleans, La., Veil David DeVillier, Eunice, La., R. Gray Sexton, Dept. of Civil Service, Baton Rouge, La., McCloskey, Dennery & Page, New Orleans, La., for appellee, Louisiana Dept. of State Civil Service.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

## PER CURIAM:

In this class action the District Court, 322 F.Supp. 1293, while expressly retaining jurisdiction over the cause, apparently anticipated Louisiana's administrative or judicial resolution of the issues presented and accordingly entered an order staying its proceedings pending exhaustion of state remedies.[1] Appellants, all active or retired members of the Louisiana Department of Public Safety seeking overtime pay, in response to this Court's question of its own jurisdiction, undertake to sustain jurisdiction on the ground that the order is equivalent to a denial of injunctive relief and therefore is appealable under 28 U.S.C. A. § 1292(a) (1).[2]

▆▆ While we concede that the denial of a preliminary or permanent injunction is appealable, and that under unusual circumstances a stay order may be itself a form of injunction, Jackson Brewing Co. v. Clarke, 5 Cir., 1962, 303

Sidney M. Bach, Bernstein & Bach, New Orleans, La., for plaintiffs-appellants.

1. Judge Cassibry stayed the proceedings in the Federal Court to allow petitioners either to appeal to the Louisiana Civil Service Commission or to proceed by way of a mandamus proceeding in the State Court system. His order reads in part:

   "Accordingly, this court will retain jurisdiction of this case while awaiting a further or final determination in the appropriate state tribunal, whether it be the State Civil Service Commission or the Courts of the State of Louisiana.

   "An order will be entered staying further proceedings in this court until the State Civil Service Commission and the Courts of the State of Louisiana have been afforded an opportunity to determine the issues here presented * * *".

2. "The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts * * * granting, continuing, modifying, refusing or dissolving injunctions * * *."

F.2d 844, cert. denied, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124, we find neither of these situations present here.

Of course the crux of the plaintiffs' claim both at trial and on appeal is for retroactive overtime pay which has characteristics of a request for a money judgment. But treating the complaint with the liberality which is required and considering the nature of the relief to be accorded as a matter controlled by the facts revealed upon the trial once an answering pleading has been filed, F.R. Civ.P. 54(b),[3] we consider for present purposes that the complaint in effect seeks injunctive relief.[4]

■ But the critical fact is that plaintiffs in the proceedings on defendants' motions to dismiss merely opposed these motions and did not ask for a preliminary injunction, much less a permanent one. Nor did they offer proof of any kind. In declining to dismiss the complaint and in prescribing the stay, the Judge did not grant or deny an injunction. And so long as the stay order

suspending further action pending exhaustion of state remedies[5] remains viable there will be little, if any, opportunity to establish any right to interim injunctive relief.

■ Nor is the stay order itself equivalent to an injunction.[6] Much as in United Gas Pipe Line Co. v. Tyler Gas Service Co., 5 Cir., 1957, 247 F.2d 681, 683, we find that "it did not purport to forbid action by anyone, court or litigant, in any other place or proceeding. It was purely a control of certain phases of that particular lawsuit." The District Court, rather than ruling on the merits of the claim, simply referred it to more appropriate forums for its initial disposition.

The requirements of § 1292(a) (1) have not been met, and since there is no final judgment nor any likelihood that the District Judge would certify or that we would allow it as a § 1292(b) interlocutory appeal, the appeal must be dismissed for lack of jurisdiction.[7]

Dismissed.

3. United States v. Egbert, 5 Cir., 1965, 347 F.2d 987 (concurring opinion) ; United States v. Mayton, 5 Cir., 1964, 335 F.2d 153.

4. The prayer sought an order "requiring defendants, the State of Louisiana, through the offices of the Honorable John J. McKeithen, Governor; the Louisiana Department of Public Safety, Division of State Police through the offices of William E. Dent, Jr., Director; the Louisiana Department of Civil Service through the offices of Harold E. Forbes, Director, and Mrs. Mary Evelyn Parker, Treasurer of the State of Louisiana *to recognize the aforesaid claims as well as to take any and all appropriate action to disburse the funds necessary to pay plaintiffs' claims and awards.*" (emphasis added)

5. See note 1, *supra.*

6. Nor is the case appealable in so far as the Judge refused to request the Chief Judge to constitute a 3-Judge court to

pass upon the constitutionality of Art. 3862, La.C.Civ.P. on mandamus. This refusal is reviewable only as a part of an otherwise reviewable order. Local Union No. 300, Amalgamated Meat Cutters & Butcher Workmen of North America, AFL–CIO v. McCulloch, 5 Cir., 1970, 428 F.2d 396; Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 5 Cir., 1970, 426 F.2d 142. See also Currie, Appellate Review of the Decision Whether or Not to Empanel a Three-Judge Federal Court, 37 U.Chi.L.Rev. 159 (1969) and Idlewild Bon Voyage Liquor Corp. v. Epstein, 1962, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794.

7. While refusing to consider the merits we do point out that the recent decision of the Supreme Court of Louisiana in Louisiana Civil Service League v. Forbes, 1971, 258 La. 390, 246 So.2d 800 [No. 51120, March 29, 1971], holding unconstitutional the statutory authorization of a salary increase, may control the ultimate disposition of this case.