Theodore WOOTEN, Appellant,

v.

The **FIRST NATIONAL BANK OF ST. PAUL, MINNESOTA, et al.,**
Appellees.

Vernon CRYER, Appellant,

v.

The **FIRST NATIONAL BANK OF ST. PAUL, MINNESOTA, et al.,**
Appellees.

No. 73-1703.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1974.

Decided Feb. 1, 1974.

**1276**

Richard G. Nadler, St. Paul, Minn., for appellants.

Fred Suhler, Sp. Asst. Atty. Gen., and Bruce E. Hanson, St. Paul, Minn., for appellees.

Before MEHAFFY, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Plaintiffs brought separate suits under 42 U.S.C. § 1983 against the First National Bank of St. Paul and the Commissioner of Motor Vehicles in the State of Minnesota. The complaints allege that the repossession of plaintiffs' autos by the bank, lien holders, pursuant to the Minnesota statutes, was in violation of the due process clause of the United States Constitution on the grounds that the repossession of the autos was done without affording the parties prior notice and hearing. Plaintiffs sought a temporary injunction to prevent the repossession and sale of their respective autos.

The district court denied plaintiffs' request to designate a three-judge court to entertain plaintiffs' constitutional attack on the state statute, dismissed the suit against the Commissioner of Motor Vehicles and denied the prayer seeking a temporary injunction. On appeal plaintiffs assert error as to each ruling.

■■ The only order this court has jurisdiction to review relates to the denial of the temporary injunction.

Plaintiffs' attempt to appeal from the dismissal of the Commissioner of Motor Vehicles lacks finality in that the district court still has jurisdiction of the pending suits against the Bank. The district court has not directed that the judgment is final pursuant to Federal Rule of Civil Procedure 54(b) as required when the order adjudicates the rights and liabilities of fewer than all of the parties.

Similarly, this court has no jurisdiction to entertain the appeal from the denial of the request for a three-judge court in the absence of a final order. See Ferrara v. Louisiana, 443 F.2d 344 (5th Cir. 1971); Lindauer v. Oklahoma City Urban Renewal Authority, 439 F.2d 761 (10th Cir. 1970); cf. Hartmann v. Scott, 488 F.2d 1215 (8th Cir. 1973). Mandamus to the Court of Appeals is the appropriate remedy to challenge the denial of a properly requested three-judge court. See 9 Moore's Federal Practice ¶ 110.03[3].

■ In order to justify the grant of a temporary injunction a party must demonstrate an inadequate remedy at law, i. e., that irreparable damage will follow without the grant of equitable relief and second, a reasonable probability that the party seeking the injunction would ultimately prevail. See Brown v. Chote, 411 U.S. 452, 93 S.Ct. 1732, 36 L.Ed.2d 420 (1973); Telex Corp. v. International Business Machines Corp., 464 F.2d 1025 (8th Cir. 1972). In the instant case plaintiffs concede that if the car was wrongfully attached and sold that plaintiffs would have a claim for damages. Furthermore, a prior ruling of this court that "state action" under § 1983 is not involved when a private party, acting as a creditor relying on state law, attaches secured property of a debtor, would tend to lessen the probability of ultimate success in the action filed. See Bichel Optical Laboratories, Inc. v. Marquette National Bank, 487 F.2d 906 (8th Cir. 1973). Under the circumstances, we find the district court did not abuse its discretion in denying the preliminary injunctions.

 

The appeals as to the dismissal of the Commissioner of Motor Vehicles and the denial of a three-judge court are dismissed for the reason that they do not constitute final orders. The district court's order denying injunctive relief is affirmed.

It is so ordered.