**Herbert O. JENSEN, Appellant,**

v.

**Robert DOLE, Chairman, Finance Committee; Dan Rostenkowski, Chairman, Ways and Means Committee; Richard S. Schweiker, Secretary, Health & Human Services Dept.; Rhonda Greenberg, Director, Social Security Office of Disability Programs; Connie Olson, Social Security Representatives, Appellees.**

No. 81-2249.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1982.

Decided May 14, 1982.

Herbert O. Jensen, Bismarck, N. D., pro se.

Rodney S. Webb, U. S. Atty., Jerome C. Kettelson, James R. Britton, Asst. U. S. Attys., for appellees.

Before LAY, Chief Judge, HEANEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Herbert O. Jensen, *pro se*, appeals from the order of the district court[1] denying his request for the convocation of a three-judge court pursuant to 28 U.S.C. § 2284(a) and preliminary injunctive relief.

Jensen, an inmate at the North Dakota State Penitentiary in Bismarck, North Dakota, filed his original complaint in the district court on October 5, 1981, pursuant to 42 U.S.C. §§ 1983, 1985, 1987, and 1988 challenging 42 U.S.C. § 423(f)(1)[2] as violative of the rights of incarcerated retired veterans to due process and equal protection. Jensen's social security disability benefits were suspended in October of 1981 pursuant to the provisions of 42 U.S.C. § 423(f)(1). In his original complaint he sought, *inter alia*, a temporary restraining order pursuant to Fed.R.Civ.P. 65(b), (d) to enjoin the defendants from enforcing the provisions of that statute against him. On October 14, 1981, Jensen filed an amended complaint in which he sought a declaratory judgment that 42 U.S.C. § 423(f)(1) violated the constitutional rights of incarcerated retired veterans, injunctive and legal relief, the issuance of peace bonds and restraining orders. Finally, that same day, Jensen filed a motion for a preliminary injunction pursuant to Fed.R.Civ.P. 65 and requested that a three-judge court be convened under 28 U.S.C. § 2284(a)[3] to consider the constitutionality of 42 U.S.C. § 423(f)(1). The district court denied Jensen's request for the convening of a three-judge court, injunctive relief, the issuance of peace bonds and restraining orders. He then appealed to this court.

■ At the outset we note that this court has "no jurisdiction to entertain an appeal from the denial of the request for a three-judge court in the absence of a final order." *Wooten v. First National Bank*, 490 F.2d 1275, 1276 (8th Cir. 1979), *citing Ferrara v. Louisiana*, 443 F.2d 344 (5th Cir. 1971); *Lin-*

---

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

2. 42 U.S.C. § 423(f)(1) provides:
   *Suspension of benefits for inmates of penal institutions*
   (f)(1) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section, or under section 402(d) of this title by reason of being under a disability, to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

3. 28 U.S.C. § 2284(a) provides in relevant part:
   *Three-judge court; when required; composition; procedure*
   (a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the appointment of any statewide legislative body.

*dauer v. Oklahoma City Urban Renewal Authority,* 439 F.2d 761 (10th Cir. 1970); *cf. Hartmann v. Scott,* 488 F.2d 1215 (8th Cir. 1973).[4] Thus, if the order is deemed interlocutory, it is not reviewable in this court unless the district court has certified it under 28 U.S.C. § 1292(b). In the absence of such certification, Jensen's only recourse would be to seek a writ of mandamus in the Court of Appeals. *Wooten v. First National Bank,* 490 F.2d at 1276; *Cancel v. Wyman,* 441 F.2d 553, 555 (2d Cir. 1971); 12 J. Moore, Moore's Federal Practice ¶ 421.03[8] (2d ed. 1981); *cf. Lyons v. Davoren,* 402 F.2d 890, 892 (1st Cir. 1968) (petition for writ of mandamus in the Supreme Court is the appropriate remedy), *cert. denied,* 393 U.S. 1081, 89 S.Ct. 861, 21 L.Ed.2d 774 (1969).[5] *See also Three-Judge Court,* 66 F.R.D. 495, 519 (better view would allow a petition to either the Supreme Court or the Court of Appeals). After a careful review of the record in this case we are convinced that this appeal is premature because the order appealed from lacks finality.

■ The district court's ruling was confined to Jensen's claim for the convocation of a three-judge court, the issuance of peace bonds, preliminary injunction and temporary restraining order. The district court made no ruling respecting Jensen's claim for declaratory relief, nor does the order purport to be a dismissal of the entire action. Thus, Jensen's claim for declaratory relief remains before the district court for decision. *See Lyons v. Davoren,* 402 F.2d at 892. As a consequence, the district court's rejection of the other claims of relief could not give rise to a final decision under 28 U.S.C. § 1291. Nor has the requisite certification been appended under 28 U.S.C. § 1292(b) for an interlocutory appeal. The district court's denial of Jensen's request for a three-judge court is thus not immedi-

ately appealable. We therefore must remand this case to the district court for further proceedings and dismiss the appeal from the denial of a three-judge court for lack of a final order. We express no opinion as to the ultimate merits of Jensen's claim.

■ Viewing the matter in this posture, the only portion of the district court's order that this court has jurisdiction to review is the denial of the preliminary injunction.

In *Minnesota Bearing Co. v. White Motor Co.,* 470 F.2d 1323, 1326 (8th Cir. 1973), this court articulated the proper standard for obtaining preliminary injunctive relief: (1) whether there is a substantial probability movant will succeed at trial; (2) irreparable injury to the moving party absent issuance of the injunction; (3) harm to the other interested parties if the relief is granted; and (4) the effect on the public interest. *Accord, Dataphase Systems, Inc. v. C. L. Systems, Inc.,* 640 F.2d 109, 112 (8th Cir. 1981) (banc). Furthermore, in order to prevail Jensen must carry the burden on all four elements. *Spiegel v. City of Houston,* 636 F.2d 997, 1001 (5th Cir. 1981).

■ An appellate court's review of an order denying a preliminary injunction is limited to a determination of whether the trial court abused its discretion. *Yakus v. United States,* 321 U.S. 414, 440, 64 S.Ct. 660, 674, 88 L.Ed. 834 (1940); *E. W. Bliss Co. v. Struthers-Dunn, Inc.,* 408 F.2d 1108, 1113 (8th Cir. 1969). After reviewing the record before us, we are persuaded that the district court did not abuse its discretion in this matter because Jensen failed to sustain his burden on the requirements enumerated above.

Accordingly, the appeal from the denial of a three-judge court is dismissed for the

---

4. In *Hartmann,* the court concluded that the absence of a final judgment or order did not preclude review of the three-judge court issue because the district court's dismissal of the state defendants in the case, for all practical purposes, terminated the litigation. The court, applying the "death knell doctrine," stated that "[w]here the effect of a district court's order, if not reviewed, is the death knell of the action, review should be allowed." *Id.* at 1220 (citations omitted).

5. The contrary holding in *Lyons* appears to be limited to cases of "patent judicial misbehavior" in refusing to heed three-judge court statutes. *See* 12 J. Moore, Moore's Federal Practice ¶ 421.03[9] (2d ed. 1981).

reason that it does not constitute a final order and we remand the case to the district court for decision on Jensen's claim for declaratory relief. That portion of the district court's order denying injunctive relief is affirmed.