## WYMAN, COMMISSIONER OF SOCIAL SERVICES OF NEW YORK, ET AL. v. ROTHSTEIN ET AL.

No. 896.   Argued April 27–28, 1970—
Decided June 1, 1970

*Philip Weinberg* argued the cause for appellants.   With him on the briefs were *Louis J. Lefkowitz,* Attorney General of New York, *Samuel A. Hirshowitz,* First Assistant Attorney General, and *Amy Juviler,* Assistant Attorney General.

*Edward V. Sparer* argued the cause for appellees. With him on the brief were *Carl Rachlin* and *Norman Lichtenstein.*

*Peter L. Strauss* argued the cause for the United States as *amicus curiae* urging affirmance.   With him on the brief were *Solicitor General Griswold* and *Assistant Attor-*

*ney General Ruckelshaus. Morris H. Schneider* filed a brief for the Center on Social Welfare Policy and Law et al. as *amici curiae* urging affirmance.

PER CURIAM.

Appellees commenced this action in the federal District Court for the Southern District of New York challenging on equal protection and statutory grounds § 131–a of the New York Social Services Law which provides for payments to welfare recipients in Nassau, Suffolk, and certain other New York State counties in lesser amounts than provided for residents of New York City should the Welfare Administrator determine that adequate cause exists for the differential. A three-judge court was convened and it found that appellees' likelihood of success on their constitutional claim warranted the issuance of a preliminary injunction against what it found to be the payment of welfare in violation of the Equal Protection Clause of the Fourteenth Amendment. The court found it unnecessary to consider appellees' statutory claims. We noted probable jurisdiction. 397 U. S. 903.

Subsequent to the decision of the District Court this Court rendered its decision in *Rosado* v. *Wyman,* 397 U. S. 397, wherein we held that a federal court called upon to pass upon the constitutional validity of a State's welfare program should, before reaching the constitutional issues, consider first any pendent statutory claims that are presented, notwithstanding the pendency of negotiations between the State and the Department of Health, Education, and Welfare.

In light of the foregoing, the judgment of the District Court is vacated and the case is remanded to that court for an opportunity to pass on the propriety of granting interim relief in accordance with conventional equitable principles on the basis of appellees' statutory claims, or,

if the question is reached, continuing the present injunction in light of this Court's decision in *Dandridge* v. *Williams*, 397 U. S. 471.

*It is so ordered.*

Mr. Justice Marshall took no part in the decision of this case.

Mr. Justice Black, with whom The Chief Justice joins, dissenting.

When this action was commenced by appellees, the Secretary of Health, Education, and Welfare was in the process of determining if the New York welfare provisions under attack in this case are consistent with the federal standard requiring uniform statewide application of state welfare plans. See Social Security Act § 402, as amended, 81 Stat. 877 *et seq.*, 42 U. S. C. § 602 (1964 ed., Supp. IV); 45 CFR § 233.20. Although the federal agency has not yet made a final decision, it appears from the brief submitted by the United States as *amicus curiae* that HEW has made a preliminary determination that the New York provisions do not conform to the Social Security Act's requirements. Accordingly, the statutory claim which this Court today remands to the District Court for its consideration involves a live controversy between New York and the Federal Government, and, as I said in my dissenting opinion in *Rosado* v. *Wyman*, 397 U. S. 397, 430 (1970), it is my belief that such controversies should be resolved in proceedings between the two governments involved, as provided in the Social Security Act. See, *e. g.*, 42 U. S. C. §§ 602, 1316 (1964 ed., Supp. IV). For this reason, I would vacate the judgment of the District Court and remand with directions that the complaint be dismissed.