**Mrs. Ora Lee SADDLER et al., Plaintiffs,**

v.

**Arthur WINSTEAD et al., Defendants.**

**No. EC 70–20–S.**

United States District Court,
N. D. Mississippi, E. D.

May 18, 1971.

Thomas A. Bowman, Thomas R. Mayfield, West Point, Miss., James A. Lewis, John C. Brittain, Jr., Oxford, Miss., for plaintiffs.

A. F. Summer, Atty. Gen., James E. Rankin, Asst. Atty. Gen., Jesse R. Adams, Jr., Sp. Asst. Atty. Gen., Jackson, Miss., for defendants.

Before CLARK, Circuit Judge, and KEADY and SMITH, District Judges.

## MEMORANDUM OPINION

### PER CURIAM:

The complaint [1] herein attacks the validity of a certain regulation of the Mis-

---

1. Plaintiff brings this action, individually, and on behalf of her minor dependent grandchildren, Sammy Lee Davis, born July 8, 1955, and Tommy Lee Davis, born October 1, 1957. The action is also a class action brought by plaintiff on behalf of all others similarly situated. The minor grandchildren of plaintiff have no income or resources, and being qualified for assistance under the Welfare Pro-

gram of the State of Mississippi were denied assistance for the sole reason the plaintiff refused to sign a report directed to state prosecuting officers (DPW Form 326) furnishing, inter alia, the name, present address and occupation of the deserting parents, which report contained a provision requiring plaintiff to assist the state law-enforcing officers in the enforcement of the penal laws of the state

sissippi State Department of Public Welfare having statewide application. The attack is based on two contentions, i.e. (1) that the regulation is unconstitutional in that it violates the Equal Protection and Due Process Clauses of the Constitution of the United States, and (2) that the regulation is in direct conflict with and violative of the Social Security Act of 1935, Subchapter IV, Part A, Sections 401–410 as amended, 42 U.S.C.A. §§ 601–610, and the regulations promulgated thereunder by the Department of Health, Education and Welfare and is therefore invalid.

Pursuant to the request of plaintiff a three-judge court was duly constituted to determine and adjudicate the issues presented in the complaint pursuant to 28 U.S.C.A. §§ 2281, 2284.

Subsequent to the formation of the court plaintiff moved to remand the action to a one-judge court for the determination and adjudication of the statutory issue alone.

Prior to the filing of the motion to remand plaintiff filed a motion for a preliminary injunction.

The action has been submitted to the court on the record herein, stipulation of the parties and briefs.

■ It is settled that the statutory claim should be determined and adjudicated before the constitutional issue is considered, and, that a one-judge court is the proper forum to determine the statutory claim. Rosado v. Wyman, 397 U.S. 397, 403, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442, 450 (1970); Dandridge v. Williams, 397 U.S. 471, 475–477, 90 S.Ct. 1153, 1156–1158, 25 L.Ed.2d 491, 496–497 (1970); Wyman v. Rothstein, 398 U.S. 275, 276, 90 S.Ct. 1582, 1583, 26 L.Ed.2d 218, 219 (1970).

The motion to remand is bottomed on the premise that plaintiff is entitled to have the statutory claim determined and adjudicated by a single rather than a three-judge court.

■ The court is of the opinion and so finds that plaintiff's motion is well taken and this action should be remanded to Orma R. Smith, District Judge for the Northern District of Mississippi, the

against the deserting parents of said children. The execution of the report was required by the regulation under attack. This regulation is:
"*Explanation of Requirement for Co-operation in Legal Action*
When the worker determines that the case is apparently one of the desertion and/or nonsupport of a legal parent, the worker will explain to the applicant that he or she will be required to:
1. Sign form DPW 326, report to district attorney, county attorney, sheriff, and grand jury, reporting the name of the absent parent to the law-enforcement officials.
2. Assist the attorneys and other officials in the prosecution of the absent parent by giving all the information she can concerning the parent, and otherwise assisting in the legal procedure. This includes action under the Uniform Reciprocal Support Act also. If the parent or other grantee relative fails to appear at the court hearing held in this state, there must be a valid reason if this is not to be considered lack of compliance with agency policy. If the applicant does not wish to com-

ply with these requirements, he or she may either withdraw the application or have the application formally rejected by the county department. Exception: if there are children by a former marriage, these children will be eligible on the basis of the deprivation of their own father, such as death. The grant will include only the children by the first marriage, since the applicant is unwilling to have the father of the children by the second marriage reported for desertion and/or nonsupport.
Also after aid has been granted and the name of the absent parent reported to law-enforcement officials, if the parent or other relative is not willing to cooperate in legal action, the grant will be discontinued. This includes refusal or failure without valid reason to appear at the court hearing, to give the required information, or to otherwise cooperate in good faith with action for support against the absent parent. Should the parent or other grantee relative return later to reapply, the following conditions must exist before aid can be reinstated." (Mississippi, Volume III, Section D, Page 4553 Revised 10–1–68)

requesting judge herein, for the determination and adjudication of plaintiff's claim that the regulation aforesaid is invalid because it is in conflict with and violative of the federal statutes and regulations aforesaid.