453 F.2d 548
 79 L.R.R.M. (BNA) 2049
 Saverio RUSSO, Suing on Behalf of Himself and All Other
Persons Similarly Situated, and the Dependents
Thereof, Plaintiffs-Appellees,
v.
James KIRBY, Commissioner of Social Services for Suffolk
County, Defendant-Appellant,
Chamber of Commerce of the United States of America,
Intervenor-Appellant.
 Nos. 396, 400, Dockets 71-2042, 71-2073.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 19, 1971.
Decided Dec. 27, 1971.
 
 Philip D. Tobin, New York City (Cohn, Glickstein, Lurie & Ostrin, New York City, on the brief), for plaintiffs-appellees.
 Stanley S. Corwin, Greenport, N. Y. (George W. Percy, Jr., Suffolk County Atty., on the brief), for defendant-appellant.
 Lawrence M. Cohen, Chicago, Ill. (Gerard C. Smetana, Chicago, Ill., Milton A. Smith, Otto F. Wenzler, Washington, D. C., Walsh & Frisch, New York City, on the brief), for intervenor-appellant.
 Before MOORE, HAYS and MULLIGAN, Circuit Judges.
 HAYS, Circuit Judge:
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Eastern District of New York, which granted plaintiffs a preliminary injunction.
 
 
 2
 Plaintiffs, members of the Communications Workers of America residing in Suffolk County, have been on strike against the New York Telephone Company since July 14. At the outset of the strike strikers were granted welfare benefits if they were otherwise found eligible, as has been the practice in New York for many years. See Lascaris v. Wyman [I], 61 Misc.2d 212, 305 N.Y.S.2d 212 (Sup.Ct. Onondaga County 1969). Shortly thereafter, however, defendant interpreted recent amendments to Section 131 of the New York Social Services Law[1] as prohibiting such benefits, refused to accept new welfare applications from strikers, and terminated the benefits of those who were already receiving them without, in most cases, any notice or opportunity for a hearing. Plaintiffs then brought this class action for declaratory and injunctive relief, alleging that defendant's conduct infringed on their federal rights in several respects. By memorandum of October 8 and order of October 14, 1971, the district court granted a preliminary injunction, and ordered defendant to make retroactive and future payments to all strikers without regard to whether their unemployment was caused by a strike, and without requiring security for repayment if the controversy were eventually to be decided against the claimants' contention. When defendant refused to comply, plaintiffs moved for an order adjudging defendant in civil contempt. The district court, without granting the relief requested, modified its previous order in certain respects not significant here.
 
 
 
 * * *
 The complaint alleges that the district court had jurisdiction under 28 U.S.C. Sec. 1337 (1970) because the claim, plaintiffs say, arises under an Act of Congress regulating commerce. Plaintiffs also assert jurisdiction under 28 U.S.C. Sec. 1331 claiming a right to benefits under the Federal Food Stamp Program, 7 U.S.C. Secs. 2011-2025 (1970), and the Aid to Families with Dependent Children (AFDC) program, 42 U.S.C. Secs. 601-610 (1970), and an amount in controversy in excess of $10,000. The federal claims were also alleged to be vindicable under 28 U.S.C. Sec. 1343 (1970). Plaintiffs asserted that the termination of benefits without a hearing violated due process of law, and that the denial of benefits to strikers violated the right to strike as guaranteed by the first amendment, denied strikers the equal protection of the laws, and deprived them of property without due process of law. As a pendent claim, plaintiffs asserted that New York law prohibited the denial of welfare benefits to an applicant solely because he was on strike.
 The district court held that it had jurisdiction under 28 U.S.C. Sec. 1337 (1970), and, with respect to plaintiffs who were not given a pre-termination hearing, under Sec. 1343. See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The court found that it had no jurisdiction under Sec. 1331 because no individual claim exceeded $10,000, and aggregation of claims was impermissible in this case. Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). The district court held that state law would probably require that the relief sought be granted despite the recent amendments, and its grant of a preliminary injunction was therefore extensively based on the pendent claim. The district court expressly refused to apply the doctrine of abstention.
 We reverse the finding that the district court had jurisdiction. Jurisdiction under Sec. 1337 does not attach on the bare assertion that a right under an act regulating commerce is infringed. Facts must be alleged to show that federal law in the particular case creates a duty or remedy. See, e. g., Gully v. First National Bank, 299 U.S. 109, 118, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Shoshone Mining Co. v. Rutter, 177 U.S. 505, 507, 20 S.Ct. 726, 44 L.Ed. 864 (1900); T. B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965). This, of course, is the requirement, so frequently referred to, that a case arise "directly" under federal law. Mishkin, The Federal "Question" in the District Courts, 53 Colum.L.Rev. 157, 165, 168-69 (1953). See also Cohen, The Broken Compass: The Requirement That a Case Arise "Directly" Under Federal Law, 115 U.Pa.L.Rev. 890 (1967).[2] As Professor Wechsler has said, "Though the decisions are not free from vacillation, their essential purpose is to hold the meaning of the statute limited to cases where the plaintiff's cause of action, the rule of substance under which he claims the right to have a remedy, is the product of federal law." Wechsler, Federal Jurisdiction and the Revision of the Judicial Code, 13 Law & Contemp. Prob. 216, 225 (1948) (footnotes omitted). In the present action there is no basis whatever for the conclusion that the National Labor Relations Act or any other federal act regulating commerce creates a cause of action for these state welfare benefits which plaintiffs claim. The cases cited by the district court, Capital Service, Inc. v. N. L. R. B., 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887 (1954), and Gomez v. Florida State Employment Service, 417 F.2d 569 (5th Cir. 1969), are inapposite, since they clearly involved claims arising directly under the statutes involved. The claim here is so indirect and insubstantial that it provides no ground for federal jurisdiction.
 Plaintiffs' other jurisdictional allegations are equally insufficient. We accept the district court's finding that no individual claim is sufficient to satisfy the requirement of the amount in controversy of Sec. 1331, and that aggregation of claims is impermissible. No colorable constitutional claim is presented to justify taking jurisdiction under Sec. 1343. The argument that denying welfare benefits to strikers infringes their first amendment rights borders on the frivolous. The equal protection claim is almost as insubstantial since the basis of classification is clearly not unreasonable. Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). Nor does Goldberg v. Kelly, supra, support the claim of some plaintiffs that they were entitled, under the due process clause of the fourteenth amendment, to a hearing before their benefits were terminated. The clear purpose of Goldberg hearings is to give eligible recipients an opportunity to prove the facts of their eligibility before their benefits are terminated, 397 U.S. at 264-267, 90 S.Ct. 1011. A hearing would be required, for example, if some of the recipients denied that they were strikers. The dispute here is on a point of law and there was no occasion for a hearing on the point. See Connecticut State Dep't of Public Welfare v. Dept. of H. E. W., 448 F.2d 209, 212 (2d Cir. 1971).
 Even if we had no question of jurisdiction, this would be a classic case for abstention. On the day after the district court's order of October 14, a New York court interpreted the new amendments to the New York statute as prohibiting welfare benefits to strikers, Lascaris v. Wyman [II], 327 N.Y.S.2d 379 (Sup.Ct. Onondaga County 1971), thus reaching a result contrary to the district court's holding. That case will no doubt be appealed, and the question settled by the state courts. See Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970).
 We need not reach the argument urged by appellant, and particularly by the intervenor, that granting welfare benefits to strikers conflicts with the national labor policy. See ITT Lamp Division v. Minter, 435 F.2d 989 (1st Cir. 1970), cert. denied, 402 U.S. 933, 91 S.Ct. 1526, 28 L.Ed.2d 868 (1971).
 Reversed.
 
 
 [1]
 1. It shall be the duty of social services officials, insofar as funds are available for that purpose, to provide adequately for those unable to maintain themselves, in accordance with the requirements of this article and other provisions of this chapter. They shall, whenever possible, administer such care, treatment and service as may restore such persons to a condition of self-support or self-care, and shall further give such service to those liable to become destitute as may prevent the necessity of their becoming public charges
 
 
 [4]
 No assistance or care shall be given to an employable person who has not registered with the nearest local employment agency of the department of labor or has refused to accept employment in which he is able to engage
 A person shall be deemed to have refused to accept such employment if he:
 a. fails to obtain and file with the social services district at least semimonthly a new certificate from the appropriate local employment office of the state department of labor stating that such employment office has no order for an opening in part-time, full-time, temporary or permanent employment in which the applicant is able to engage, or
 b. willfully fails to report for an interview at an employment office with respect to employment when requested to do so by such office, or
 c. willfully fails to report to such office the result of a referral to employment, or
 d. willfully fails to report for employment. Such willful failures or refusals as above listed shall be reported immediately to the social services district by such employment office.
 For the purposes of this subdivision and subdivision five, a person shall be deemed employable if such person is not rendered unable to work by: illness or significant and substantial incapacitation, either mental or physical, to the extent and of such duration that such illness or incapacitation prevents such person from performing services; advanced age; full-time attendance at school in the case of minor [sic], in accordance with provisions of this chapter; full-time, satisfactory participation in an approved program of vocational training or rehabilitation; the need of such person to provide full-time care for other members of such person's household who are wholly incapacitated, or who are children, and for whom required care is not otherwise reasonably available, notwithstanding diligent efforts by such person and the appropriate social services department to obtain others to provide such care. A person assigned to and participating in a public works project under the provisions of section one hundred sixtyfour or three hundred fifty-k of this chapter shall be deemed to be employable but not employed.
 Every employable recipient of public assistance or person who is deemed not to be employable by reason of fulltime satisfactory participation in an approved program of vocational training or rehabilitation shall receive his public assistance grants and allowances in person from the division of employment of the state department of labor, in accordance with regulations of the department.
 N.Y.Soc.Serv.L. Sec. 131 (McKinney Supp. 1971).
 
 
 [2]
 Although most of the cases interpreting the critical words "arising under" have dealt with general federal question jurisdiction under Sec. 1331, their reasoning is applicable to Sec. 1337. See McFaddin Express, Inc. v. Adley Corp., 346 F.2d 424 (2d Cir. 1965), cert. denied, 382 U.S. 1026, 86 S.Ct. 643, 15 L.Ed.2d 539 (1966)