**Edna ROTHSTEIN et al., Plaintiffs,**

v.

**George K. WYMAN, as Commissioner of the Department of Social Services of the State of New York, and the Department of Social Services of the State of New York, Defendants.**

**No. 69 Civ. 2763.**

United States District Court,
S. D. New York.

Feb. 25, 1972.

The Legal Aid Society of Westchester County, by Norman B. Lichtenstein, White Plains, N. Y., Leonard S. Clark, Westbury, N. Y., by Burr C. Hollister, Mineola, N. Y., Nassau County Law Services Committee, Inc., M. James Spitzer, Jr., National Welfare Rights Organization, New York City, Edward V. Sparer, Philadelphia, Pa., for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., State of New York, by Amy Juviler and Michael Colodner, Asst. Attys. Gen., New York City, for defendants.

MOTLEY, District Judge.

Memorandum Opinion and Order

Defendants move to alter the judgment of this court entered February 8, 1972. They seek to eliminate the provisions of the order directing payment of retroactive benefits to persons unlawfully denied public assistance for a number of months

in 1969. The ground for this motion is that the administrative cost of computing and distributing the retroactive benefits will be "inordinately great." In support of this contention defendants submit an affidavit of the First Deputy Commissioner of the New York State Department of Social Services giving an estimation of the administrative cost of making the payments, together with an estimation of the total amount of the payments themselves.

Defendants' motion is made under Rule 59(e), Fed.R.Civ.P. This is the first time that any evidence of the administrative cost of making retroactive payments has been presented to the court, however, and such a reopening of the record would seem to be more appropriately made under Rule 59(a). Be that as it may, we shall consider the motion on its merits. Hutches v. Renfroe, 200 F.2d 337, 341 (5th Cir. 1952).

The decision in this case was filed December 7, 1970, 336 F.Supp. 328. Due to several months delay in submission of proposed orders, the complexity of the issue of retroactivity, and the press of other cases, a hearing was not held on the proposed orders until February 8, 1972.[1] In the interim defendants were free to move to reopen the trial or to submit evidence on behalf of their proposed order. They did not do so though their "Memorandum of Law in Support of Proposed Order" does refer to an administrative burden that would be "expensive, frustrating and the results prone to error" (p. 12). At the February 8 hearing the court heard extensive argument from defendants on the cost to the state of the retroactive benefits themselves. No evidence was submitted. The court adopted plaintiffs' proposed order with modifications, because the plaintiffs were legally entitled to the unpaid assistance, and because to hold otherwise would be to sanction defendants' lawless conduct. Gaddis v. Wyman, 304 F.Supp. 713, 717 (N.D. N.Y.1969) (three-judge court), aff'd sub nom., Wyman v. Bowens, 397 U.S. 49, 90 S.Ct. 813, 25 L.Ed.2d 38 (1970); Thompson v. Shapiro, 270 F.Supp. 331 (D.Conn. 1967), aff'd, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Further, defendants, themselves, filed an affidavit before the three-judge court which originally heard the case opposing grant of a preliminary injunction on the ground that plaintiffs would not be irreparably injured because retroactive payments could always be made.

Defendants now come forward with estimates of both retroactive payments and administrative costs. The figures for the payments are similar to those given in defendants' memorandum in support of its proposed order, and were considered by the court before signing the order. The precise figures for administrative costs presented with the instant motion are new. It should be noted that we are not told the State's method of computing these admininstrative costs; we are merely presented conclusory sums for each category of public assistance.

Even if we accept these figures as realistic, however, they provide no ground for amending the order as requested. It is hard to imagine an instance where the cost of determining and delivering public assistance benefits for a period in the past will not greatly exceed the cost of paying those same amounts as part

1. Defendants had agreed to pay the higher benefits ordered by the original three-judge court pending appeal of its decision to the United States Supreme Court. And it is the court's understanding that the retroactive benefits now in dispute involve: 1) benefits to those on relief for a period from about June 1969 to about October 1969, i. e., the period between enactment of the controverted statute and the three-judge court order, 2) retroactive benefits to those who are no longer on relief but who were on relief from the June to October 1969 period, and 3) those applicants for public assistance during the June to October 1969 period who were unlawfully denied assistance because of the lower scale then in operation in counties outside New York City pursuant to the controverted statute. Rothstein v. Wyman, 303 F.Supp. 339, vacated 398 U.S. 275, 90 S.Ct. 1582, 26 L.Ed.2d 218 (1970).

of a department's normal, day-to-day operations. If a court were to deny retroactive payments because of increased administrative costs alone, the State would never be compelled to repay benefits to which recipients were later found entitled. As a result, the State would be consistently rewarded for its illegal behavior and the plaintiffs denied meaningful and deserved relief. Furthermore, secure in the knowledge that it could plead the burden of administrative cost, the State would be encouraged to violate constitutional and statutory strictures until enjoined, since it would retain permanently the money denied to the affected recipients. *Cf.* Almenares v. Wyman, 334 F. Supp. 512 (D.C.1971), aff'd, 453 F.2d 1075 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972).

Defendants' motion is denied. Application for stay denied.