**CONNECTICUT UNION OF WELFARE EMPLOYEES et al.**

v.

**Henry C. WHITE, individually and as Commissioner of Welfare of the State of Connecticut, and Elliot L. Richardson, Secretary of Health, Education and Welfare.**

**Civ. A. No. 14923.**

United States District Court, D. Connecticut.

June 16, 1972.

David N. Rosen, William H. Clendenen, Jr., New Haven, Conn., for plaintiffs.

Edmund C. Walsh, Asst. Atty. Gen., East Hartford, Conn., Peter A. Clark, Asst. U. S. Atty., New Haven, Conn., for defendants.

### MEMORANDUM OF DECISION ON MOTIONS TO DISMISS, CONVENE THREE-JUDGE COURT AND INTERVENE

NEWMAN District Judge.

This welfare suit raises novel issues concerning the providing of casework services by the State of Connecticut to recipients of Aid to Families with Dependent Children (AFDC). The pattern of assigning welfare workers to certain geographical locations and certain departmental functions and the consequent diminution or lack of services for many recipients is alleged to violate both the Equal Protection clause and various statutory requirements of the Social Security Act. Plaintiffs are a union of Welfare Department employees below the managerial level and individual members of the union. They seek declaratory and injunctive relief to redress the alleged violations of the federal statute and the convening of a three-judge court to invalidate the state practices on constitutional grounds.

The New Haven MOMS, an organization of AFDC recipients, and Matilda Gibbs, the group's president, now seek to intervene as plaintiffs in the action. Defendant White opposes that intervention, and has also moved to dismiss the complaint, claiming that the original plaintiffs have no standing to raise the

issues, that the Court lacks subject matter jurisdiction, and that no substantial constitutional question is presented.

■ Defendant makes no special objection to intervention beyond his basic objection to the maintenance of the suit as initially filed. The intervening AFDC recipients urge that they might as well be allowed to intervene in this suit because denial will only result in the necessity for filing another suit. Clearly their claim to receive services and the plaintiffs' claim to render services in conformity with the Act and the Constitution have common questions of law and fact; hence intervention is entirely appropriate under Fed.R.Civ.P. 24(b).

■ With the recipients in the case as intervenors, defendant's objection to the lack of standing of the original plaintiffs loses whatever substance it might have had. Defendant contends that the caseworkers are not injured by the staffing patterns and that the interests in professional performance which they seek to protect are not within the "zone of interests" to be protected by the relevant statutory and constitutional provisions. *See* Barlow v. Collins, 397 U.S. 159, 164, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). Plainly, the intervenors have adequately pleaded injury through the limitation or denial of casework services, and the Act is designed to insure that such services are in some fashion provided to them. 42 U.S.C. § 602(a) (14) and (15). Even if the caseworkers' standing is arguably not as compelling, the presence of the intervenors assures sufficient standing.

■ Defendant's attack on subject matter jurisdiction is limited to a suggestion that the caseworkers' complaint is "in essence, a labor grievance," which should be pursued through state personnel procedures. He relies on American Federation of Government Employees (AFL–CIO), Local 1904, A.F.G.E. (AFL–CIO), Local 1498, A.F.G.E. (AFL–CIO) v. Resor, 442 F.2d 993 (3d Cir. 1971), where the court concluded that the grievance there asserted was one which Congress had entrusted to the initial resolution of the U. S. Civil Service Commission. It is by no means clear that the Connecticut Personnel Board has an equivalent authority to deal with the issues raised by this complaint, nor that resort to state administrative remedies is a jurisdictional requirement, *cf.* Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967). But in any event, the intervening plaintiffs have no available administrative remedy from the State Personnel Board; hence dismissal is not warranted on this ground.

■■ Nevertheless the issues of subject matter jurisdiction and need for a three-judge court and especially the relationship between these issues are matters that warrant but have infrequently received careful consideration. The complaint alleges that the state policy regarding provision of services conflicts with the Act and with the Constitution. The Supreme Court has determined that a conflict between state and federal law, although raising an issue under the Supremacy Clause, is not the type of constitutional issue that requires convening of a three-judge court. Swift & Co. v. Wickham, 382 U.S. 111, 122, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); *see also* Lake Carriers' Assn. v. MacMullen, 406 U.S. 498 n. 5, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). But it is equally clear that when non-constitutional grounds of attack are joined with substantial constitutional grounds, the case is one that is required to be heard and determined by a three-judge court. Florida Lime & Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960). Thus the convening of a three-judge court would seem to turn here on the substantiality of the constitutional attack. Plaintiffs suggest, however, that before deciding substantiality of the constitutional issue, the one-judge court should proceed to determine the non-constitutional issues, which, they as-

sert, may well dispose of the case without the need for a three-judge court. While that course would serve the valid interest of conserving judicial time, it opens up two intriguing questions.

The first is whether the terms of 28 U.S.C. § 2281 require me to decide at the outset the substantiality of the constitutional issue and either request convening of the three-judge court or dismiss the constitutional claim as insubstantial. The statute is structured so as to specify what may not be done, rather than what must be done. It says a state statute may not be enjoined on grounds of unconstitutionality unless by a court of three judges. It does not say expressly that the one-judge court must determine the need for a three-judge court before considering any other issue in the case. It is true that once a three-judge court is properly convened, many decisions have upheld the power of such courts to resolve all issues in the case. E. g., Florida Lime & Avocado Growers, Inc. v. Jacobsen, *supra;* Sterling v. Constantin, 287 U.S. 378, 393–394, 53 S.Ct. 190, 77 L.Ed. 375 (1932); Railroad Commission of California v. Pacific Gas & Electric Co., 302 U.S. 388, 391, 58 S.Ct. 334, 82 L.Ed. 319 (1938); Public Service Commission of Mo. v. Brashear Freight Lines, 312 U.S. 621, 625 n. 5, 61 S.Ct. 784, 85 L.Ed. 1083 (1941); *see also* Lake Carriers Assn. v. MacMullen, *supra,* at n. 5. But none of these decisions precludes a one-judge court from considering non-constitutional issues before deciding whether to convene a three-judge court.

At this stage of this litigation, the plaintiffs are not asking me to enjoin a state statute or policy on grounds of unconstitutionality. On the contrary, they are suggesting I defer consideration of such relief and proceed to deal with the non-constitutional issues.

■■ The Supreme Court's decision in Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), persuades me that I may accept their sug-

gestion. In *Rosado* the Court explicitly approved the practice of a three-judge court remanding to a single judge the non-constitutional issues. 397 U.S. at 403, 90 S.Ct. 1207. *See also* Woolfolk v. Brown, 325 F.Supp. 1162 (E.D.Va.1971). If the single judge can determine non-constitutional issues after a three-judge court is convened, I see no reason why he cannot do so beforehand. This course has been followed in this District, Johnson v. White, Civil No. 14,620 (D. Conn.1971), and elsewhere, Vialpardo v. Shea, Civil Action C–2449 (D.Colo. Jan. 13, 1972), and has recently been given tacit approval by the Second Circuit, Hagans v. Wyman, 462 F.2d 928 (2d Cir. 1972). *See also* Bryant v. Carleson, 444 F.2d 353, 358–359 (9th Cir. 1971).

A possible hazard of such a practice is that there may be duplication of effort if it subsequently develops that the non-constitutional issues are not dispositive and that a three-judge court is needed. The three-judge court might then have to hear some of the same matters presented to the single judge. The choice is between the risk of wasting the time of two potential members of the three-judge court on matters that *might* never require their consideration, or the risk of wasting the time of the single judge (and the parties) in relitigating some matters a second time. The latter risk can usually be substantially moderated by the judicious use of the record already made before the single judge, since the issues in these cases rarely turn on credibility. Therefore, I see no obstacle to postponing at this time any decision as to whether the constitutional issue is sufficiently substantial as to require a three-judge court. Moreover, such an approach enables a court to adhere to the policy of considering non-constitutional issues in advance of constitutional issues. *See* Wyman v. Rothstein, 398 U.S. 275, 90 S.Ct. 1582, 26 L.Ed.2d 218 (1970).

■ There remains, however, the important second question of whether I

have jurisdiction over the non-constitutional issues. In this case the non-constitutional claim—conflict with a federal statute—while plainly raising a federal question, is not necessarily a question over which a Federal District Court has subject matter jurisdiction. The Second Circuit in Rosado v. Wyman, 414 F.2d 170, 176–178 (2d Cir. 1969), specifically ruled against District Court jurisdiction of a similar question under either § 1331 or § 1343(3) of Title 28, United States Code. The Supreme Court's reversal specifically left open the availability of either of these jurisdictional bases. 397 U.S. at 405 n. 7, 90 S.Ct. 1207. *See also* King v. Smith, 392 U.S. 309, 312 n. 3, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). It seems to me that a compelling case can be made for the proposition that jurisdiction is properly grounded on § 1343(3). If the state policy is in conflict with the federal statute, as alleged in the complaint, this would deny plaintiffs a right secured by the Constitution—namely, the right to secure the benefit of the Supremacy Clause [1]. However, on this issue I am bound by the Second Circuit's decision in *Rosado,* which was not reversed on this point.

 There remains the possibility of pendent jurisdiction over the statutory claim, viewing it as a "state" claim. As to that jurisdictional basis, I am left somewhere between the Supreme Court's decision in *Rosado* and its earlier decision in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Gibbs* teaches that jurisdiction is not available for a pendent claim if the federal claim falters at the threshold and is dismissed before trial. 383 U.S. at 726, 86 S.Ct. 1130. Under this approach, it might seem that I cannot take jurisdiction of the state claim until I have determined that the federal claim is at least sub-stantial enough not to falter at the threshold. If the federal claim is not substantial enough to require a three-judge court, a one-judge court is entitled, if not obligated, to dismiss the claim. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). On the other hand, *Rosado* at a minimum holds open the question of whether a district court has power to hear a pendent claim even if the federal claim is insubstantial. 397 U.S. at 404, 90 S.Ct. 1207. And in holding the question open, the Court broadly hinted that a negative answer would not be "analytically sound." Moreover, *Rosado* emphasized another point decided in *Gibbs*—namely, that the case for exercising pendent jurisdiction is particularly strong when the state claim involves a federal question. *Ibid. See also* Almenares v. Wyman, 453 F.2d 1075 (2d Cir. 1971).

There is thus posed something of a dilemma. If the single judge defers consideration of the substantiality of the constitutional issue, he may be said to lack an adequate basis for knowing whether he has a valid claim to which the state claim could be pendent. On the other hand, if he determines substantiality, he may then have no choice, if he finds enough substantiality to survive dismissal, but to convene the three-judge court. Certainly if he finds the constitutional issue substantial and convenes the three-judge court, there will have been invested sufficient "judicial energy," 397 U.S. at 403, 90 S.Ct. 1207, to justify asserting pendent jurisdiction over the state claim, at least one that turns on federal law. But it makes a mockery of sound judicial administration to convene the three-judge court only to expend the judicial energy needed to justify pendent jurisdiction and then remand the statutory claim to the single judge.

---

[1]. Because vindication of such a right does not require a three-judge court under § 2281, Swift & Co. v. Wickham, *supra*, it does not follow that jurisdiction is lacking under § 1343(3).

I think the way out of the dilemma is as follows. If the constitutional issue is plainly frivolous, the case should be dismissed. Almenares v. Wyman, *supra,* 453 F.2d at 1085 n. 15. Plaintiffs should not be encouraged to frame spurious constitutional issues as a pretext to persuade federal district courts to exercise pendent jurisdiction. On the other hand, if the constitutional claim is of any substance, and if the pendent claim turns on federal law, then the one-judge court should exercise pendent jurisdiction over the state claim. That claim may dispose of the case. *See* Hagans v. Wyman, *supra.* If not, the single judge should then decide whether the constitutional issue really requires a three-judge court.

In this case, the claim of unconstitutionality is that the staffing pattern adopted by the Commissioner contains such substantial disparities in staff-client ratios among the several geographic areas of the state as to be an invidious discrimination against the clients (and the caseworkers) in those areas with the highest ratios. We have recently been cautioned that the Equal Protection Clause is not a constitutional straitjacket circumscribing state efforts to resolve problems of welfare administration. Jefferson v. Hackney, 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972). Yet *Jefferson* acknowledges that even as to welfare administration, state judgments must be rational. It may well be that the Commissioner has a rational basis for the various client-staff ratios he has adopted, but a complaint alleging that the variations turn on nothing but geography is not frivolous. Thus, I conclude that the constitutional issue pleaded is of sufficient substance to warrant my retaining jurisdiction and proceeding to exercise pendent jurisdiction over the issue of conflict with the federal statute.

Accordingly, the motion to intervene is granted, the motion to dismiss is denied, and the motion to convene a three-judge court is deferred until further consideration of the non-constitutional claims.