Jane **DOE, individually and on behalf of her minor child, Jennifer, and on behalf of all others similarly situated, Plaintiff,**

v.

James N. **GILLMAN, Commissioner, State of Iowa, Department of Social Services, and Alva C. Edwards, Director of Clayton County Department of Social Services, Defendants.**

No. 72-C-515-EC.

United States District Court, N. D. Iowa, E. D.

Sept. 1, 1972.

David H. Correll, Waterloo, Iowa, for plaintiff.

Lorna L. Williams, Sp. Asst. Atty. Gen., Des Moines, Iowa, Harold H. Pahlas, Clayton County Atty., Elkader, Iowa, for defendants.

Before BRIGHT, Circuit Judge, and McMANUS and HANSON, Chief District Judges.

McMANUS, Chief District Judge.

This matter is before the court on its own motion to remand to one-judge court for consideration of the statutory issues raised.

Plaintiff's complaint challenges § 239.-5 Code of Iowa 1971 as violating the Fifth, Ninth and Fourteenth Amend-

ments to the Constitution of the United States and being inconsistent with the Social Security Act of 1935. Under the circumstances in this case it appears that the statutory claim should be determined and adjudicated before the constitutional issues are reached, and, that a one-judge court is the proper forum for that claim. Rosado v. Wyman, 397 U.S. 397, 403, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); Dandridge v. Williams, 397 U. S. 471, 475, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); Wyman v. Rothstein, 398 U.S. 275, 276, 90 S.Ct. 1582, 26 L.Ed.2d 218 (1970); Saddler v. Winstead, 327 F.Supp. 568 (N.D.Miss.1971).

It is therefore

Ordered

This action is remanded to Edward J. McManus, Chief District Judge for the Northern District of Iowa for determination and adjudication of plaintiff's claim that the regulation aforesaid is invalid because it is in conflict with and violative of the Social Security Act of 1935 and regulations thereunder.