**Justa RAMIREZ and Pablo Ramirez, Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Caspar W. WEINBERGER, Secretary, United States Department of Health, Education and Welfare, Individually and in his official capacity et al., Defendants.**

**No. 72 C 2419.**

United States District Court, N. D. Illinois, E. D.

Aug. 28, 1973.

David M. Stahl, Cook County Legal Assistance Foundation, Inc. Evanston, Ill., for plaintiffs.

James R. Thompson, U. S. Atty., Sheldon R. Waxman, Asst. U. S. Atty., Chicago, Ill., for defendants.

Before KILEY, Circuit Judge and AUSTIN and DECKER, District Judges.

### MEMORANDUM OPINION and JUDGMENT ORDER

PER CURIAM.

#### I. *Facts.*

Subchapter IV of the Social Security Act, 42 U.S.C. §§ 601–644, authorizes the payment of federal matching funds to states whose Aid to Families With Dependent Children ("AFDC") plans have been approved by the Secretary of Health, Education and Welfare. Bene-

fits may be claimed on behalf of an otherwise qualified needy child who is under the age of twenty-one and regularly attending a recognized college or vocational school. 42 U.S.C. § 606(a)(2) (B). The Secretary has approved Illinois' AFDC plan, which authorizes student benefits under § 4—1.1 of the Public Aid Code, Ill.Rev.Stat., Ch. 23, § 4—1.1 (Smith-Hurd Supp. 1973–74). Plaintiffs herein are a mother and son whose Illinois AFDC benefits were terminated in 1972 when the son attained the age of twenty-one. Their amended complaint asserts that the state and federal AFDC statutes which require the termination of student benefits at age twenty-one deny them equal protection and due process of law because similarly situated students who are qualified to claim benefits under the Old-Age, Survivors, and Disability Insurance (OASDI) title to the Social Security Act, 42 U.S.C. §§ 401–431, may do so until age twenty-two. We disagree and find that the challenged legislative distinctions comport with the constitutional requirements of equal protection and due process of law.

## II. *Jurisdiction.*

■■ Counsel have devoted considerable energy to the discussion of this court's jurisdiction. Clearly, a three-judge court is both appropriate and has the power to hear the claims against the state defendants because the amended complaint seeks to enjoin the operation of a state statute on the grounds of unconstitutionality. 28 U.S.C. § 2281, § 1343(3) and (4). Moreover, since the Illinois statute embodies the same eligibility standards as the Social Security Act, this case cannot be decided by a single judge on the basis of the supremacy clause alone, rendering it necessary for a three-judge panel to consider the due process and equal protection claims. Wyman v. Rothstein, 398 U.S. 275, 276, 90 S.Ct. 1582, 26 L.Ed.2d 218 (1970); Rosado v. Wyman, 397 U.S. 397, 403, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); Dandridge v. Williams, 397 U.S. 471,

475–476, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). With respect to the federal defendant, however, we find jurisdiction to be lacking under any of the six statutes cited in support thereof.

■ First, although their amended complaint avers that the amount in controversy exceeds $10,000, the named plaintiffs concede that their individual maximum monetary recovery is $1,926.-60. They, nevertheless, assert that federal question jurisdiction may be established under 28 U.S.C. § 1331 by aggregating the monetary claims of the individual members of the class they seek to represent. But, even if we were to allow this case to proceed as a class action, such aggregation is impermissible in order to establish federal question jurisdiction. Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); Russo v. Kirby, 453 F.2d 548 (2d Cir. 1971); Gibson v. First Federal Savings & Loan Ass'n, 347 F.Supp. 560 (E.D.Mich.1972); Booth v. Lemont Mfg. Corp., 304 F.Supp. 235 (N.D.Ill.1969), aff'd on other grounds, 440 F.2d 385 (7th Cir.), cert. denied, 404 U.S. 916, 92 S.Ct. 231, 30 L.Ed.2d 190 (1971).

■■ Second, since this action does not involve the validity, construction, or enforcement of a statute regulating commerce, jurisdiction over this case cannot be predicated upon 28 U.S.C. § 1337. Russo v. Kirby, *supra*, 453 F.2d at 551; Adams v. Int'l Brotherhood of Boilermakers, 262 F.2d 835 (10th Cir. 1959). Third, jurisdiction over the federal defendant cannot be sustained under 28 U.S.C. § 1343(3) and (4) "because that section provides a federal forum without regard to jurisdictional amount only when constitutional rights allegedly have been violated by those acting under color of State law." Stinson v. Finch, 317 F.Supp. 581 at 585 (N.D.Ga.1970).

■ Next, jurisdiction over the federal defendant is lacking under 28 U.S.C. § 1346(a)(2) for two reasons, First, the jurisdiction of a district court under this section is concurrent with the Court of Claims, which has no equity

power. Thus, it is impossible under § 1346(a)(2) to grant the equitable relief sought against the Secretary. Richardson v. Morris, 409 U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973). Moreover, since plaintiffs' rights to receive benefits arises under the Illinois Public Aid Code, their claim for damages cannot be characterized as an action against the United States, as is required by § 1346(a)(2).

Fifth, jurisdiction over the federal defendant is predicated upon the mandamus provisions of 28 U.S.C. § 1361. Plaintiffs assert that the Secretary owes them a constitutional duty under the fifth amendment to approve only those state AFDC plans which entitle them to receive benefits until they reach the age of twenty-two. However, plaintiffs overlook the well-settled rule that the extraordinary remedy of mandamus is available only when (1) plaintiffs have a clear right to the relief sought; (2) defendant owes them a plainly defined and peremptory duty; and (3) no other adequate remedy is available. United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 543–544, 57 S.Ct. 855, 81 L.Ed. 1272 (1937); Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972); Carter v. Seamans, 411 F.2d 767 (5th Cir. 1969), cert. denied, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970). Without even reaching the substantial problems of plaintiffs' standing to maintain a mandamus suit against the Secretary and of the doctrine of sovereign immunity, it is clear that plaintiffs' remedy against the state officials is adequate to determine the constitutionality of this statute and the propriety of the relief to be granted, if any.

Finally, it is well-established that an action for declaratory relief under 28 U.S.C. § 2201 cannot be entertained in the absence of independent federal jurisdictional grounds. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Fagan v. Schroeder, 284 F.2d 666 (7th Cir. 1960). Therefore, since plaintiffs have failed to demonstrate an independent basis for this court's jurisdiction, the Secretary of Health, Education and Welfare shall be dismissed from this case.

### III. *The Merits*

This suit challenges the constitutionality of a legislative distinction contained in both federal and state social welfare statutes, which allegedly deny plaintiffs their rights to equal protection. In considering the merits of this claim, we must begin with the proposition that a statutory classification in the area of social welfare is constitutional if it bears a rational relationship to one of the purposes of the Social Security Act. Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971); Dandridge v. Williams, *supra*. Moreover, the purpose need not have been a principal objective of the statute or even one that the legislators had in mind when they passed it. Flemming v. Nestor, 363 U.S. 603, 612, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). Thus, even though the general objectives of both AFDC and OASDI may be the same, *i. e.*, to enable children deprived of parental support to continue their education, the distinction must nevertheless be upheld if it serves some other, albeit secondary, purpose of the Social Security Act.

Defendants assert that the distinct and separate nature of each program adequately justifies the challenged age distinction. Thus, even though OASDI and AFDC are parts of the same statute and administered by the same agency, they are otherwise wholly independent from one another in all material respects. For example, OASDI is funded through the contributions of participating employers and employees, the latter of whom receive benefits based on the number of calendar quarters they have participated in the plan. Persons entitled to receive OASDI include the wage earner, his wife, children, and parents. 42 U.S.C. § 402. The Social Security Administration is entirely responsible for determining one's eligibility for OASDI, comput-

ing the amount of benefits in each case, and paying these benefits in accordance with strictly federal standards.

In contrast, AFDC is purely a public welfare scheme that was intended to help one class of beneficiaries—needy dependent children. The program is financed solely from the general tax revenues of the federal government and the participating states, which are entitled to receive federal matching funds only if their local AFDC plans are approved by the Secretary of Health, Education and Welfare. AFDC benefits are paid to eligible individuals by local state agencies and, unlike the uniform schedule of benefits under OASDI, the amounts payable under AFDC may vary from state to state. Jefferson v. Hackney, 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972); Dandridge v. Williams, *supra*.

Thus, although we recognize certain similarities between these two titles of the Social Security Act, nothing in their legislative history or in the statute itself suggests that they were intended to be independent. Nor does the Constitution require that these titles be interdependent simply because plaintiffs' class of full-time students may be in greater need of assistance than those who are entitled to receive OASDI benefits. Such considerations are relevant only to the legislature's wisdom in creating the age distinction and not its power to do so, which is the only question properly before this court today. Dandridge v. Williams, *supra*, 397 U.S. at 486, 90 S. Ct. 1153; Flemming v. Nestor, *supra* 363 U.S. at 611, 80 S.Ct. 1367. In one sense OASDI and AFDC are simply alternative solutions to the common problem of financing the higher education of children who have lost their natural source of support. But, their separate and distinct funding methods, eligibility standards, and administration demonstrate that OASDI and AFDC also differ in many substantive respects. Under these circumstances we find the challenged age distinction to be rational and uphold its constitutionality. As stated by the Supreme Court in Jeffer-

son v. Hackney, *supra*, 406 U.S. at 546–547, 92 S.Ct. at 1731:

So long as its judgments are rational, and not invidious, the legislature's efforts to tackle the problems of the poor and the needy are not subject to a constitutional straitjacket. The very complexity of the problem suggests that there will be more than one constitutionally permissible method of solving them.

Such is the case here.

Case dismissed.