In re B & B PROPERTIES, LTD.

The FIRST NATIONAL BANK OF ATLANTA et al., Petitioners,

Hugh ROBINSON, Bankruptcy Judge, Respondent.

No. B76–2377A.

United States District Court, N. D. Georgia, Atlanta Division.

Aug. 18, 1976.

---

David W. Pollard, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for debtor.

E. Penn Nicholson, III, Robert N. Meals, Atlanta, Ga., Paul S. Berger, Berger, Berger, Kahn & Shafton, Beverly Hills, Cal., for creditors.

## ORDER

RICHARD C. FREEMAN, District Judge.

This is an action for relief in the nature of mandamus brought pursuant to the All Writs Statute, 28 U.S.C. § 1651, naming as respondent a bankruptcy judge. The action is brought by several secured creditors of the debtor-in-possession in proceedings for a real property arrangement filed pursuant to Chapter XII of the Bankruptcy Act. *See* 11 U.S.C. § 801, *et seq.*

Before turning to the merits of the instant action, a brief review of the salient facts giving rise to the instant complaint is warranted. Petitioners are holders of a real estate note and deed to secure debt encumbering certain property known as the Northwest Medical Center. Petitioners' security deed is subordinate to a First Deed to Secure Debt encumbering the property, executed by the debtor-in-possession in favor of Housing Development Corporation of Florida, Inc. Petitioners assert that since August 28, 1975, in order to preserve the security of their deed to secure debt they have advanced monthly payments of principal and interest to the first mortgagee and have also advanced real estate taxes. Pursuant to a deed under power of sale provision in their security deed, petitioners advertised the property for foreclosure in accordance with provisions of Georgia law, and the foreclosure sale was scheduled to take place at 11:00 A.M. on August 3, 1976. On August 2, 1976, B & B Properties, Ltd. filed a petition under Chapter XII of the Bankruptcy Act. Pursuant to the provisions of Bankruptcy Rule 12–43, the filing of a petition operates as an automatic stay of court actions against the debtor, and as a stay of any proceeding to enforce any lien

against his property, including the foreclosure proceedings instituted by petitioners.

On the morning of August 3, 1976, petitioners filed a complaint in the Bankruptcy Court for an order lifting the stay and authorizing the foreclosure of the security deed and for other relief from effects of the automatic stay. *See* Rule 12–43(d). Petitioners, in their complaint, requested (1) that the stay be lifted and modified to permit them to complete the foreclosure proceedings originally scheduled for August 3, 1976; (2) that in the alternative, the debtor-in-possession be required to post adequate security or bond for any damage that petitioners might sustain by reason of the maintenance of the restraining order; (3) or that the debtor be required to pay to petitioners the reasonable value of the use and occupation of the premises beginning from the date of filing the petition. The respondent held a hearing on the afternoon of August 3, 1976, and denied petitioners' application for relief insofar as it sought the lifting of the stay; however, the bankruptcy judge expressly reserved decision on the remaining prayers in petitioners' complaint.

Thereafter, on August 4, 1976, petitioners presented a "Notice of Motion for Order Sequestering Rents, Issues, and Profits," which was set down for hearing on August 18, 1976. On that same date petitioners filed the action *sub judice* seeking mandamus relief from this court and requiring respondent bankruptcy judge to enter an order requiring B & B Properties to post bond or security to indemnify petitioners against any damage caused by the imposition and continuance of the automatic stay and further requiring the bankruptcy judge to enter an order requiring the debtor to pay to petitioners or to a fund sequestered and set aside for their benefit the fair rental value of the property. At that time, this court entered an order directing respondent to show cause on August 24, 1976, why the requested relief should not be granted.

The gravamen of petitioners' application for mandamus relief is their contention that the automatic stay provisions of Rule 12–43(a) of the Rules of Bankruptcy Procedure and §§ 428 and 507 of the Bankruptcy Act, in the absence of a concomitant obligation on the part of the debtor to post security and/or make provision for the sequestration of rents and profits, violates their right to procedural due process guaranteed by the Fifth Amendment to the United States Constitution. In the first instance, they contend that a secured creditor's interest in collateral is a substantive property right, *see, e. g., Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); *Wright v. Vinton Branch of Mountain Trust Bank,* 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937), and that they cannot be deprived of the "use" of such property without being afforded the rudimentary procedural due process requirements of prior notice and an opportunity to be heard. *See, e. g., id.; Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *North Georgia Finishing, Inc. v. Di-Chem,* 419 U.S. 601, 95 S.Ct. 719, 722–23, 42 L.Ed.2d 751 (1975). Accordingly, petitioners conclude that these earlier bankruptcy decisions when considered in conjunction with the recent decisions of the Supreme Court delineating the contours of procedural due process rights establish a clear duty on the part of the bankruptcy judge to require security and/or other means of protection to a secured creditor to ensure that no damage will result from the imposition and maintenance of the automatic stay. Moreover, assuming the existence of a clear constitutional mandate, they contend that a district court has jurisdiction to enter relief in the nature of mandamus ordering the bankruptcy judge to impose such conditions on the existence and continuance of the automatic stay.

On the other hand, respondent argues that the posting of bond and sequestration of rents are matters left within the sound discretion of the bankruptcy judge, and are, therefore, inappropriate for mandamus relief. Respondent also contends that mandamus relief is an extraordinary and drastic remedy which should not be exercised when petitioners have other available means of

redress, i. e., through an appeal from the order of the bankruptcy judge. Thus, the sole question for this court is whether we have jurisdiction to grant the mandamus relief requested.

As a general rule, before a writ of mandamus may properly issue, three elements must coalesce: (1) a clear right in the plaintiff to the relief sought; (2) a *clear duty* on the part of the defendant to do the act in question; and (3) no other adequate remedy available. *Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969), *cert. denied,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121; *Ramirez v. Weinberger,* 363 F.Supp. 105 (N.D.Ill.1973) (three-judge), *aff'd,* 415 U.S. 970, 94 S.Ct. 1553, 39 L.Ed.2d 867 (1974). With respect to the requirement that both the right and the duty to act be clear, the Supreme Court, in *United States ex rel. Girard T. Co. v. Helvering,* 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272 (1936), stated:

> Where the *right of the petitioner is not clear,* and *the duty of the officer, performance of which is to be commanded, is not plainly defined and peremptory, mandamus* is *not an appropriate remedy.* (citations omitted).

*Id.* at 543, 57 S.Ct. at 857. (Emphasis added.)

Thus limited, mandamus relief has ordinarily been restricted to situations in which ministerial acts of a non-discretionary nature have been involved or to confine a lower court to its clearly defined jurisdiction. *See, e. g., In re Evans,* 524 F.2d 1004 (5th Cir. 1975); *In re Estelle,* 516 F.2d 480, 483 (5th Cir. 1975).

Under the applicable precepts set out above, it is evident that petitioners have failed to establish that they are clearly entitled to the relief which they seek from the effects of the stay, nor have they convinced this court that the bankruptcy judge had a clear and mandatory duty either to lift the stay or to require the posting of bond by the debtor as a precondition to maintenance of the stay. This court entertains grave concern as to the constitutionality of the automatic stay provisions *sub judice* in light of the recent decisions of the Supreme Court outlining the procedural due process requirements that are mandated in connection with the deprivation of a substantial property interest, *see, e. g., Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp., supra; North Georgia Finishing v. Di-Chem, supra* ; nevertheless, this court is constrained to conclude that the bankruptcy judge was under no plainly defined duty to grant the relief requested. Similarly, under appropriate circumstances this court might be inclined to rule that better practice would dictate that, upon the filing of a Chapter XII arrangement proceeding—obviously precipitated by an impending foreclosure—the bankruptcy judge hold an immediate hearing to determine probable cause and whether or not the stay should be lifted or other measures taken to safeguard the property interests of the secured creditors. At this time and in this action, however, the court cannot conclude that an action for mandamus against the bankruptcy judge is the appropriate means to have the automatic stay provisions of the Bankruptcy Act declared unconstitutional.

More significant, however, is petitioners' failure to demonstrate the absence of adequate alternative remedies to gain the relief requested. In this respect, it is well settled that mandamus is an extraordinary remedy, which may not be employed as a substitute for appeal, even though hardship may result from delay or perhaps even unnecessary litigation. *See, e. g.; Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *United States v. United States District Court, Southern District of Texas,* 506 F.2d 383 (5th Cir. 1974). *See also Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (mandamus is the appropriate remedy to compel district court to entertain action improperly remanded on grounds not authorized by statute where statute made remand orders non appealable). In sum, we conclude that the appeal procedures prescribed by Rule 12–61 and Part VIII of the Bank-

ruptcy Act are an adequate remedy to determine the constitutionality of the statute and the propriety of relief to be granted, if any.

Finally, one further factor militating against consideration of these probing questions at this time is the fact that in mandamus actions, the extraordinary relief sought is directed against a lower court judge. Thus, the Supreme Court has described the predicament as follows:

> [mandamus actions] have the unfortunate consequence of making a judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy.

*Ex parte Fahey,* 332 U.S. 258, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1946).

Accordingly, for the reasons hereinabove expressed, the motion filed on behalf of respondent to vacate this court's order of August 4, 1976, requiring respondent to show cause is hereby GRANTED. The August 4, 1976 order of this court in the instant action is hereby VACATED, and the same is hereby ORDERED to be DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.