Antoine J. JANDREAU

v.

**POST–SCRIPT WAREHOUSE, INC., et al.**

No. Civ. N–83–106 (PCD).

United States District Court, D. Connecticut.

Feb. 1, 1985.

Vincent T. McManus, Jr., Wallingford, Conn., for plaintiff.

Thomas P. Mullaney, III, Stoner, Gross, Chorches, Lapuk & Kleinman, West Hartford, Conn., for defendant Post-Script Warehouse, Inc.

## RULING ON DEFENDANT POST-SCRIPT WAREHOUSE'S MOTION TO DISMISS

DORSEY, District Judge.

Post-Script Warehouse, Inc. (defendant) has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3), Fed.R.Civ.P. As plaintiff and movant are not of diverse citizenship, plaintiff invoked this court's jurisdiction under 28 U.S.C. § 1337, which provides: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce...." Plaintiff alleges that defendant violated three provisions of the Interstate Commerce Commission Federal Motor Carrier Safety Regulations and that plaintiff's accident and subsequent injuries were the direct and proximate result of these violations. Plaintiff argues that the alleged violations of the ICC regulations provide a basis for the court's jurisdiction over this defendant. Defendant argues that plaintiff's claim is grounded in the common law of negligence and does not arise under any federal law regulating commerce.

■ "Jurisdiction under § 1337 does not attach on the bare assertion that a right under an act regulating commerce is infringed." *Russo v. Kirby*, 453 F.2d 548, 551 (2d Cir.1971). For an action to arise under federal law, the complaint must allege a right created by the particular law or assert a claim that is dependent upon the construction or validity of such law. *Gully v. First Nat'l Bank*, 299 U.S. 109, 114, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936);

*Russo*, 453 F.2d at 551; *see also, T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965) (construing 28 U.S.C. § 1338 which grants jurisdiction over civil actions arising under any act of Congress relating to patents, copyrights and trademarks). Therefore, plaintiff must allege facts that permit a finding that his cause of action is created by federal law or that the suit is dependent for its resolution upon construction or interpretation of such law. Absent such allegations, dismissal for lack of subject-matter jurisdiction is required.

■ Plaintiff alleges that defendant violated §§ 393.100(b)(2), 393.100(b)(4), and 393.104(b) of the Interstate Commerce Commission Federal Motor Carrier Safety Regulations. These sections apply to the loading of trailers which are used in interstate commerce and require the use of equipment designed to prevent the shifting or falling of cargo in transit. The cargo must be tied down and/or securely blocked and braced in conformance with the regulations. Assuming plaintiff's allegations to be true, the complaint falls short of establishing a right derived from any federal law regulating commerce. Defendant may have violated various ICC regulations in improperly loading the trailer plaintiff contracted to haul, and proof of such violations might establish per se negligence on the part of defendant. The regulations might establish a standard of care without creating a cause of action in plaintiff's favor. The indirect relationship of the federal law to plaintiff's cause of action is insufficient to satisfy the requirement of § 1337 that an action arise under federal law regulating commerce. *See Russo*, 453 F.2d 548.

The Ninth Circuit has held that a claim may arise under federal law if a remedy can be properly inferable from an act of Congress regulating commerce. *Garrett v. Time-D.C., Inc.*, 502 F.2d 627 (9th Cir. 1974), *cert. denied*, 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975). Even under the "properly inferable" test, the requirement of § 1337 would still not be satisfied

in this case. The purpose of the Interstate Commerce Act, 49 U.S.C. §§ 10101, *et seq.,* is to promote the national economy and protect the national defense. There is no indication that Congress intended to create a cause of action for negligence based on violations of the regulations cited by plaintiff. Plaintiff's cause of action does not depend on construction of the ICC regulations allegedly violated by defendant. There is no dispute regarding the meaning, validity, or applicability of the regulations. Plaintiff simply alleges that defendant violated various regulations. Resolution of the question whether the violations did in fact occur does not require the statutory construction necessary to invoke the original jurisdiction of this court under 28 U.S.C. § 1337. *See Gully,* 299 U.S. at 114, 57 S.Ct. at 98; *Russo,* 453 F.2d 548.

As plaintiff's complaint does not allege a cause of action created by federal law or dependent upon the construction of federal law, plaintiff's claim does not arise under federal law as required by 28 U.S.C. § 1337. Since there is no other basis to support the jurisdiction of this court, defendant's motion to dismiss must be granted.

SO ORDERED.